COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-04-102-CR

JOSE VILLARREAL, III                                                            APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant Jose Villareal, III appeals his conviction for sexual assault. In
two issues, appellant contends that the trial court erred in admitting expert
testimony about why a sexual assault victim might not remember the details of
her assault. We affirm.
        The parties are familiar with the facts, and the applicable law is well
settled.
        We review the trial court's decision to admit or exclude expert testimony
under an abuse of discretion standard. Kelly v. State, 824 S.W.2d 568, 574
(Tex. Crim. App. 1992). An abuse of discretion occurs when the trial court
acts without reference to any guiding rules and principles or acts arbitrarily or
unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990). In determining whether a trial court abused its discretion, we review
the trial court's ruling in light of the evidence that was before the trial court at
the time it made the ruling. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.
Crim. App. 2000). We will uphold a trial court's ruling if it is within the zone
of reasonable disagreement. Montgomery, 810 S.W.2d at 391 (op. on reh’g).
        At trial, the State called Eva Murray, the emergency room nurse who
examined the complainant after the sexual assault. After establishing Murray’s
credentials as a sexual assault nurse examiner for the Tarrant County Hospital
District, the State asked Murray to describe how she interviews sexual assault
victims. During that line of questioning, the following exchange took place:
A. After we get the history we have some questions that we ask. 
Where the answer is yes, no, or I don’t know, we explain to the
victim that when something like this is happening to them they may
not remember exactly what happened and it’s very important for
them to answer us, yes, no, or I don’t know.
 
        Q. Why might someone not know what is happening to them
during a sexual assault?
 
MR. HALEY: Your Honor, I’m going to object as to speculation.
MS. WYNN: Your Honor-
THE COURT: Any response?
MS. WYNN: I think she’s an expert, Judge. She’s been certified
to conduct these type of exams and I think she’s qualified to testify
as to, you know, why those responses are options for patients.
 
MR. HALEY: I–I disagree with that Your Honor. She may be an
expert to talk about what–what took place in terms of what she
was told, but to speculate and make conjecture is–is unduly
prejudicial.
 
THE COURT: I’m going to overrule the objection at this time. You
may proceed. 

        In his first issue, appellant contends that Murray’s subsequent testimony
should have been excluded because it was speculative. As an expert, Murray
was permitted to give an opinion based on her specialized knowledge about
why some sexual assault victims do not remember the details of the assault. 
See Tex. R. Evid. 702; see also Kelly v. State, No. 11-98-00230-CR, 1999 WL
33748041, at *2 (Tex. App.—Eastland Nov. 18, 1999, no pet.) (not designated
for publication) (holding that the trial court did not abuse its discretion in
allowing a sexual assault nurse examiner to testify about the memory of a
sexual assault victim). An expert opinion such as this is not speculation. See
Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590, 113 S. Ct.
2786, 2795 (1993) (explaining that expert “’knowledge’ connotes more than
subjective belief or unsupported speculation”). Therefore, the trial court did not
abuse its discretion in overruling appellant’s objection as to speculation. We
overrule appellant’s first issue.
        In his second issue, appellant contends that Murray was not qualified to
testify about why a sexual assault victim might not remember the details of her
assault. A challenge to expert qualifications must be made at trial to preserve
a complaint about them on appeal. Martinez v. State, 22 S.W.3d 504, 507
(Tex. Crim. App. 2000). Appellant did not challenge Murray’s qualifications in
the trial court. [2] Therefore, he failed to preserve this issue for our review. 
Accordingly, we overrule appellant’s second issue and affirm the trial court’s
judgment.

                                                                  PER CURIAM

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.
2. We disagree with appellant’s argument that his trial counsel’s reply to the
State’s response to his speculation objection constituted a coherent objection
to Murray’s qualifications. After the State asserted that Murray was qualified
to explain why she asks sexual assault victims a series of “yes,” “no,” or “I
don’t know” questions, appellant’s trial counsel replied, “I–I disagree with that
Your Honor. She may be an expert to talk about what–what took place in
terms of what she was told, but to speculate and make conjecture is–is unduly
prejudicial.” Appellant’s trial counsel’s response did not challenge Murray’s
qualifications as an expert.