VILLAREAL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-102-CR

JOSE VILLARREAL, III APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Jose Villareal, III appeals his conviction for sexual assault.  In two issues, appellant contends that 
the trial court erred in admitting expert testimony about why a sexual assault victim might not remember the details of her assault.  
We affirm.

The parties are familiar with the facts, and the applicable law is well settled.

We review the trial court's decision to admit or exclude expert testimony under an abuse of discretion standard.  
Kelly v. State
, 824 S.W.2d 568, 574 (Tex. Crim. App. 1992).  An abuse of discretion occurs when the trial court acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably.  
Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  In determining whether a trial court abused its discretion, we review the trial court's ruling in light of the evidence that was before the trial court at the time it made the ruling.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We will uphold a trial court's ruling if it is within the zone of reasonable disagreement.  
Montgomery
, 810 S.W.2d at 391 (op. on reh’g).

At trial, the State called Eva Murray, the emergency room nurse who examined the complainant after the sexual assault.
  After establishing Murray’s credentials as a sexual assault nurse examiner for the Tarrant County Hospital District, the State asked Murray to describe how she interviews sexual assault victims.  During that line of questioning, the following exchange took place:

A.  After we get the history we have some questions that we ask.  Where the answer is yes, no, or I don’t know, we explain to the victim that when something like this is happening to them they may not remember exactly what happened and it’s very important for them to answer us, yes, no, or I don’t know.

Q.  Why might someone not know what is happening to them during a sexual assault? 

MR. HALEY:  Your Honor, I’m going to object as to speculation.

MS. WYNN:  Your Honor-

THE COURT:  Any response?

MS. WYNN:  I think she’s an expert, Judge.  She’s been certified to conduct these type of exams and I think she’s qualified to testify as to, you know, why those responses are options for patients.

MR. HALEY:  I–I disagree with that Your Honor.  She may be an expert to talk about what–what took place in terms of what she was told, but to speculate and make conjecture is–is unduly prejudicial.

THE COURT:  I’m going to overrule the objection at this time.  You may proceed. 

In 
his first issue, appellant contends that Murray’s subsequent testimony should have been excluded because it was speculative. 
 As an expert, Murray was permitted to give an opinion based on her specialized knowledge about why some sexual assault victims do not remember the details of the assault.  
See
 
Tex. R. Evid.
 702; 
see also Kelly v. State
, No. 11-98-00230-CR, 1999 WL 33748041, at *2 (Tex. App.—Eastland Nov. 18, 1999, no pet.) (not designated for publication) (holding that the trial court did not abuse its discretion in allowing a sexual assault nurse examiner to testify about the memory of a sexual assault victim).  An expert opinion such as this is not speculation.  
See
 
Daubert v. Merrell Dow Pharmaceuticals, Inc.
, 509 U.S. 579, 590, 113 S. Ct. 2786, 2795 (1993) (explaining that expert “’knowledge’ connotes more than subjective belief or unsupported speculation”).  Therefore, the trial court did not abuse its discretion in overruling appellant’s objection as to speculation.  We overrule appellant’s first issue.

In his second issue, appellant contends that Murray was not qualified to testify about why a sexual assault victim might not remember the details of her assault. 
 
A challenge to expert qualifications must be made at trial to preserve a complaint about them on appeal.  
Martinez v. State
, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000). 
 
Appellant did not challenge Murray’s qualifications in the trial court.
(footnote: 2)  
Therefore, he failed to preserve this issue for our review.  Accordingly, we overrule appellant’s second issue and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 August 18, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We disagree with appellant’s argument that his trial counsel’s reply to the State’s response to his speculation objection constituted a coherent objection to Murray’s qualifications.  After the State asserted that Murray was qualified to explain why she asks sexual assault victims a series of “yes,” “no,” or “I don’t know” questions, appellant’s trial counsel replied, “
I–I disagree with that Your Honor.  She may be an expert to talk about what–what took place in terms of what she was told, but to speculate and make conjecture is–is unduly prejudicial.”  Appellant’s trial counsel’s response did not challenge Murray’s qualifications as an expert.