Maria **MARTINEZ**, Appellant,

v.

**The STATE of Texas**

No. 1182–99.

Court of Criminal Appeals of Texas, En Banc.

June 28, 2000.

Penny Lee Andersen, El Paso, for appellant.

Karen Landinger, Asst. DA, El Paso, Matthew Paul, State's Atty., Austin, for the State.

## O P I N I O N

KEASLER, J., delivered the unanimous opinion of the Court. WOMACK, J., delivered a concurring opinion, joined by MANSFIELD and JOHNSON, J.J. JOHNSON, J., delivered a concurring opinion.

At Maria Martinez's trial for cocaine delivery, the State called John Rudd, a Department of Public Safety laboratory supervisor, to testify about laboratory test results. Rudd testified that although he did not conduct the tests personally, he reviewed his subordinate's work and could give his opinion of the results. The State asks us to decide if Martinez preserved error regarding Rudd's expert qualifications and whether Rudd's testimony was hearsay. We find that Martinez did not preserve error and that Rudd's testimony was not hearsay.

## FACTS

Martinez was charged with cocaine delivery. On direct examination, Rudd testified that he had been a DPS laboratory supervisor for 25 years. He explained his duties, the laboratory's testing procedures, and the security measures he and his employees follow. He also stated that he had testified as an expert witness in narcotics cases more than 1300 times. Based on a laboratory report of tests that Rudd's subordinate Fernando Pena, Jr., performed, the State asked Rudd if he had an opinion as to what the substance tested was. Martinez objected and stated that any opinion Rudd reached was based on hearsay and inadmissable under *Cole v. State*.[1] The trial court overruled the objection and Rudd testified that the substance was cocaine.

## PROCEDURAL HISTORY

Martinez was convicted and sentenced to two years in prison, probated for five years.

She appealed arguing that Rudd's testimony was hearsay and violated her right to confrontation. The court of appeals reversed the conviction, holding that Rudd was not an expert and that his testimony was inadmissible hearsay.[2]

The El Paso District Attorney and the State Prosecuting Attorney filed petitions

---

1. 839 S.W.2d 798 (Tex.Crim.App.1990).

2. *Martinez v. State,* 993 S.W.2d 751 (Tex. App.—El Paso 1999).

for discretionary review, and we granted review of two questions:

- Did the court of appeals err by reversing the trial court's implicit ruling that Rudd qualified as an expert when Martinez never objected to Rudd's qualifications during trial?
- Did the court of appeals err by holding that the present opinion of a testifying witness constitutes hearsay?

## ANALYSIS

### Expert Testimony

The State called Rudd to testify as to his opinion on the weight and identity of the substance tested. The relevant testimony follows:

Q: ... And did you weigh the substance that was in—or was the substance weighed that laboratory Number L4E–25807 refers to?

A: Yes, sir, it was.

Q: What was the weight of that substance?

DEFENSE: Objection, Your Honor. This witness has no personal knowledge. He's previously testified, he did not do the tests. Another individual in the office did them. If they want to do this, then they need to bring the person who did the tests so that we can confront them, cross-examine them about how they were done.

THE COURT: Overruled.

A: The net weight of the powder was .34 grams.

\* \* \* \*

Q: Do you have an opinion after reviewing those reports as to what the substance is?

DEFENSE: Objection, Your Honor. May we approach?

THE COURT: Yes, you may approach.

(The following proceedings were held at the bench, outside the hearing of the jury:)

DEFENSE: Judge, any opinion he reaches is going to be based on hearsay. He's testified he did not perform the tests. Under *Cole v. State,* which we previously called to this Court's attention. We believe it's inadmissible. I understand the State's going to try and argue it comes in as an expert witness. However, the expert witness rules have the contemplation this is something that was not prepared in anticipation of litigation, i.e., medical report in an emergency room.

When we have this type of situation, it goes to the very heart of the hearsay rules which is to confrontation. This witness did not do the test. Fernando Pena did the test. For Ms. Martinez to have her constitutional right to confront the witnesses against her upheld, we are entitled to have the State bring in Mr. Pena so we can cross-examine him as to how he did the tests, the exact procedures used in the tests, exactly what he did and the conclusions he received.

If all Mr. Rudd did, lab supervisor or not, is review some of the reports from a machine, all he's doing is repeating hearsay. He does not have the personal knowledge, and it violates the confrontation clause of the Texas and United States Constitutions.

THE COURT: I believe his testimony is he supervised the work.

DEFENSE: He stated he did not perform the test. He's previously testified to this Court that other people performed the tests. He only reviews the actual results after it's already done.

THE COURT: Okay. Mr. Havlovic, you want to make any statement here?

PROSECUTOR: I think we laid the proper predicate for him to come testify as an expert. And he can testify to his opinion as to what a substance is, and he can review any of the rec-

ords that were used. And I think that is clear through the—as to Rule 705.

DEFENSE: And, Your Honor, we would once again point out, the State is just trying to get n [*sic*] through the back door and go around the issue of the confrontation clause. This was prepared with the intention of pending litigation. The State does this with drug cases, for preparation to use at trial to prove up their allegations. They ought to bring in the appropriate witness so that my client can confront her accuser, in this case, the person who actually did the test.

THE COURT: Well, I don't know. The Court will overrule the objection.

(The following proceedings were held in open court:)

Q: (BY PROSECUTOR) Mr. Rudd, do you have an opinion as to what the substance is in laboratory number L4E–25807?

A: Yes, sir.

Q: And—

DEFENSE: Could we just get a running objection on that ground, Your Honor?

THE COURT: Yes, you may.

DEFENSE: Thank you, Your Honor.

Q: (BY PROSECUTOR) And what is that substance?

A: That the powder did in fact contain cocaine. And as I stated, the net weight was .34 grams.

■ To preserve error regarding the admission of evidence, a defendant must lodge a timely and specific objection.[3] The purpose of requiring the objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection.[4]

During Rudd's testimony, Martinez repeatedly objected on the bases of lack of personal knowledge, hearsay, and a defendant's right to confront the witnesses against her. Not once did Martinez object to Rudd's qualifications as an expert in order to preserve error on that ground.

■ The court of appeals decided that the State "wholly failed to carry its burden of establishing that Mr. Rudd was an expert witness."[5] The court found that by admitting the testimony, the trial court implicitly found that Rudd qualified as an expert, even though the State never tendered Rudd as an expert.[6] But in the exchange before the trial court noted above, the prosecutor expressly stated that he "laid the proper predicate for [Rudd] to testify as an expert," to which defense counsel again responded with concern for Martinez's right to confrontation. If Martinez wanted to challenge Rudd's qualifications as an expert, she could have objected at this point. She did not, nor did she argue on appeal that Rudd was not qualified as an expert. The court of appeals erred in reversing Martinez's conviction on that ground when it was not preserved.[7]

### Hearsay

■ During his testimony, Rudd relied on a report prepared by his subordinate, Pena, which reflected the results of the tests Pena performed. Rudd based his expert opinion on these results, but the report itself was never offered into evidence. Martinez objected on hearsay grounds and noted that because Pena was not there to testify to his report, Rudd's testimony violated Martinez's right to confrontation. The court of appeals found that because Rudd relied on Pena's report,

---

**3.** *See Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991).

**4.** *Norris v. State,* 902 S.W.2d 428, 446 (Tex. Crim.App.), *cert. denied,* 516 U.S. 890, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995).

**5.** *Martinez,* 993 S.W.2d at 759.

**6.** *Id.* at 758–59.

**7.** *See Hughes v. State,* 878 S.W.2d 142, 151 (Tex.Crim.App.1992) (op. on reh'g) (error preservation a "systemic requirement" which appellate courts should address).

his testimony was hearsay which the trial court erroneously admitted into evidence.

In the exchange before the trial judge, Martinez cited *Cole v. State*[8] as the basis for her objections. In *Cole*, we held that a Department of Public Safety chemist's report was a "matter observed by law enforcement personnel" and therefore, inadmissible under Rule 803(8)(B).[9] Martinez argued that under *Cole*, Rudd's testimony was hearsay and violative of her right to confrontation because Rudd did not perform the tests reflected in the report, nor did he prepare the report he relied on to form his opinion. We find Martinez's reliance on *Cole* to be misplaced and that the more appropriate analysis invokes *Aguilar v. State*.[10]

■■■ In *Aguilar*, a plurality of this Court concluded that the present opinion of a testifying witness does not constitute hearsay because it is not, and can never be, a statement "other than one made by the declarant while testifying at the trial."[11] The plurality said that "even if the expert relies in whole or in part upon information of which he has no personal knowledge, ... the admissibility of his opinion is not affected 'unless the court determines that he does not have a sufficient basis for his opinion.' "[12] The Court noted that while there are limits to revealing the basis for an expert's opinion to a jury, those limitations do not apply to the expert opinion itself, but only to the "underlying facts and data."[13] The Court decided that the dispositive issue was whether the report itself was ever actually offered or admitted into evidence over the appellant's objection.[14] We agree with the reasoning of the *Aguilar* plurality.

Rudd testified at trial as to his present opinion of the test results. While Rudd relied on Pena's report to form the opinion he testified to, the report itself was never offered into evidence. The underlying data and facts were never elicited before the jury. Neither the report nor its contents were offered for the truth of the matter asserted and therefore did not trigger the exclusion of Rudd's testimony on hearsay grounds.

In its opinion reversing Martinez's conviction, the court of appeals found that "the State necessarily failed to establish its right to rely on the hearsay exception carved out by *Aguilar*."[15] But Rudd testified as to his present expert opinion, so his testimony was not hearsay at all. There was no need to consider whether it fell within an exception to the hearsay rule.

## CONCLUSION

Since the trial court implicitly found Rudd qualified as an expert, the State had no burden to invoke an exception to the hearsay rule. Rudd was free to offer his opinion based on Pena's report. And since Martinez never challenged Rudd's expert qualifications, his present opinion regarding the test results was properly admitted over Martinez's hearsay objections.

The trial court properly admitted Rudd's testimony and the court of appeals erred in reversing Martinez's conviction. Therefore, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

WOMACK, J., filed a concurring opinion joined by MANSFIELD and JOHNSON, JJ.

I join the judgment of the Court, and its opinion so far as it goes. I agree that the issue of the witness's qualifications was not

**8.** 839 S.W.2d 798 (Tex.Crim.App.1990).

**9.** *Id.* at 806.

**10.** 887 S.W.2d 27 (Tex.Crim.App.1994) (plurality op.).

**11.** *Id.* at 29, citing Tex.R.Crim. Evid. 801(d).

**12.** *Ibid.*, citing Tex.R.Crim. Evid 705(c).

**13.** *Id.* at 30.

**14.** *Ibid.*

**15.** *Martinez*, 993 S.W.2d at 759.

preserved by specific objection, and its opinion that the witness's expert opinion was not hearsay. I write separately because the Court has not addressed a third point which is necessary to the resolution of the case.

The appellant objected to a question other than the one asking for the witness's opinion. She objected to the question, "What was the weight of the substance?" The answer was hearsay if it was offered to prove the weight. I see no other reason for its offer, and the offer was not limited by the State. It is not within the hearsay exception for public records and reports.[1] There was no effort to qualify it as a record of regularly recorded activity.[2] It may have been a type of evidence that an expert could reasonably rely on.[3] But, as the Court points out, there are limits on introducing the inadmissible bases of the admissible opinion.[4] If the State had responded to the hearsay objection by asking for the evidence of weight to be admitted for the limited purpose of showing the basis for the opinion that the substance was cocaine, that *might* have made it admissible. But the State didn't, and the burden to request admission for a specific, limited purpose is on the proponent of the evidence.[5] So it was error to overrule the hearsay objection to the question about the weight.

The error was harmless, though. Because this was the lowest grade of controlled-substance offense, the State had no burden to prove the weight. And the weight was small, so it probably was not of consequence in the verdict.

JOHNSON, J., filed a concurring opinion.

I agree that the trial court impliedly found that Mr. Rudd qualified as an expert. On that basis, I believe that Mr. Rudd's testimony was of the type which is contemplated by Tex.R.Crim. Evid. 703, and was therefore properly admitted. With that comment, I join the opinion of the court.

---

**1.** *See* Tex.R. Evid. 803(8)(B); *Cole v. State,* 839 S.W.2d 798 (Tex.Cr.App.1990).

**2.** *See* Tex.R. Evid. 803(6).

**3.** *See* Tex.R. Evid. 703; *Aguilar v. State,* 887 S.W.2d 27 (Tex.Cr.App.1994).

**4.** *See ante* at 508, citing *Aguilar,* 887 S.W.2d at 30.

**5.** *See Jones v. State,* 843 S.W.2d 487 (Tex.Cr. App.1992).