In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-017 CR


____________________



WILLIAM FLOYD PINSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court of Jefferson County at Law No. 2 


Jefferson County, Texas


Trial Cause No. 221216






O P I N I O N


 A jury found William Floyd Pinson guilty of the misdemeanor offense of driving
while intoxicated. The trial court assessed his punishment at ninety days confinement in
the county jail and a $500 fine, see Tex. Pen. Code Ann. § 49.04 (Vernon Supp. 2002),
but deferred imposing Pinson's sentence and placed him on probation for one year.

 Bringing five issues, Pinson alleges the trial court erred in denying his motion for
new trial because, before trial, the State did not provide to his counsel, as ordered by the
trial court, all of the video tape that the State introduced into evidence. Pinson alleges this
failure was (1) of such magnitude as to warrant a reversal of his conviction; (2) a violation
of his due process rights under both the United States Constitution and Texas Constitution;
and (3) a violation of his right to counsel under both the United States Constitution and the
Texas Constitution. 

 During the pretrial hearing, the trial court granted Pinson's motion to produce video
recordings. At that time, the prosecuting attorney stated that defense counsel was
"welcome to look at anything I have in the file." 

 The State offered three video recordings into evidence. The first video was played
for the jury on the first day of trial. The other two videos were played on the second day
of trial. Defense counsel made no objections to the offerings of any of the three videos. 
During the showing of the first video, defense counsel objected once - to the testifying
officer's comment that "there was urination on Mr. Pinson during that video [,]" because
"[n]one was visible in this video." During the showing of the remaining two videos,
defense counsel raised no objections. 

 Pinson's counsel concedes no trial objections to the videos were made and notes in
appellant's brief that "[t]he videotaped portion were of the Appellant, and since the issue
was not whether he was driving, but whether . . . he was intoxicated, the impact was close
to irrefutable and would have only been magnified by the Appellant objecting." In
addition, neither in his motion for new trial nor in his appellate brief does Pinson explain
or describe which video tapes, or portions thereof, have caused him the harm he complains
of on appeal. 

 We do not reach the merits of Pinson's objections because nothing has been
preserved for our review. See Tex. R. App. P. 33.1. "To preserve error regarding the
admission of evidence, a defendant must lodge a timely and specific objection. The
purpose of requiring the objection is to give to the trial court or the opposing party the
opportunity to correct the error or remove the basis for the objection." Martinez v. State,
22 S.W.3d 504, 507 (Tex. Crim. App. 2000). 

 All of William Floyd Pinson's issues are overruled. The trial court's judgment and
sentence are affirmed.

 AFFIRMED.

 PER CURIAM

Submitted on September 27, 2002 

Opinion Delivered October 9, 2002

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.