11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jonathan
Patrick Lee

Appellant

Vs.                   No. 11-03-00232-CR B
Appeal from Eastland County

State
of Texas

Appellee

 

The jury convicted Jonathan Patrick Lee of
possession of 400 grams or more of methamphetamine.  The trial court assessed his punishment at
confinement for 20 years and a $50,000 fine. 
We affirm.

There is no challenge to the sufficiency of the
evidence.  The record reflects that
Eastland County Chief Deputy Sheriff Ron VanderRoest smelled a very intense
odor associated with the manufacture of methamphetamine as he approached the
pickup in which appellant was the passenger. 
On the floorboard of the pickup, Chief Deputy VanderRoest observed a
five-gallon, white plastic bucket.  There
was a glass jar containing a clear liquid with a cloudy substance and a powdery
substance.  Appellant appeared to have
his hands on the jar.  The contents of
the jar were identified to be 789.64 grams of a methamphetamine solution.  Appellant did not testify and did not present
any witnesses at the guilt/innocence phase.

In his first issue, appellant contends that the
State improperly commented during its closing argument on his failure to assert
his innocence.  Appellant argues that,
although no objection was made either when the testimony was admitted or during
the State=s
argument, the statement was so manifestly improper, extreme, or violative that
it resulted in fundamental unfairness to appellant and violated his Fifth
Amendment right to remain silent.  We
disagree. 

During the direct examination of Chief Deputy
VanderRoest, the following occurred: 

A: I told both [appellant] and [the driver] we
were securing them for our safety until we completed more of the investigation.

 

Q: Did you tell them what you were investigating?

 








A: I told them I suspected the truck contained an
illegal substance, possibly methamphetamine.

 

Q: And, what was the defendant=s response when you told him that?

 

A: [Appellant] had no response at all,
nonemotional, not distraught, no outcry of any type.

 

When cross-examined about appellant=s
reaction, Chief Deputy VanderRoest testified that appellant Ajust didn=t
seem upset about anything I told him.@  

During closing argument, appellant=s counsel argued that there was no
evidence that appellant knew that methamphetamine was in the vehicle, that
there was no evidence how long appellant had been in the vehicle, and that the
evidence showed that appellant could Ajust
as likely be innocent.@  The State responded by arguing that appellant=s actions were consistent with wanting
to prevent the strong-smelling methamphetamine solution from spilling and with
possession of the substance.  

No objections were made to either Chief Deputy
VanderRoest=s
testimony or the State=s
argument.  Therefore, appellant has
failed to preserve his complaint for appellate review.  TEX.R.APP.P. 33.1.  Assuming without deciding that appellant=s complaint is properly before this
court and that error did occur, any such error is not fundamental error; and we
find beyond a reasonable doubt that any such error did not contribute to the
conviction or the punishment. 
TEX.R.APP.P. 44.2(a).  The first
issue is overruled.

In the second issue, appellant contends that
William L. Todson=s
testimony concerning the nature and weight of the substance in the glass jar
was inadmissible hearsay.  Appellant
argues that, because Todson did not actually perform the tests on the
substance, Todson could not testify as to the results of those tests.  We disagree.








Todson testified that he was a criminalist for the
Texas Department of Public Safety (DPS) and that he specialized in the analysis
of controlled substances.  Todson stated
that he had a bachelor=s
degree in chemistry and a master=s
degree in organic chemistry, that he had worked as an analytical chemist for
eight years prior to his employment with the DPS, and that he had received two
months of intensive training when he was employed by the DPS.  Todson testified that the specific tests on
the substance were performed by Shanna L. Hampton, who had also been a
criminalist with the DPS at the time of the testing.  Todson stated that he was the custodian of
records, including Hampton=s
report; and he testified as to his expert opinion as to whether the substance
tested con-tained a controlled substance. 


No objection was made to Todson=s testimony that the substance was
identified as 789.64 grams of a methamphetamine solution or to Todson=s testifying as an expert. Therefore,
appellant has failed to preserve his complaint for appellate review.  Rule 33.1. 
Moreover, we note that Todson=s
testimony was properly admitted. Martinez v. State, 22 S.W.3d 504, 508
(Tex.Cr.App.2000).  The second issue is
overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

May 27, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.