GILBERTSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-007-CR

CRAIG JEFFREY GILBERTSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Craig Jeffrey Gilbertson appeals from his conviction for driving while intoxicated (DWI).  In his sole point on appeal, Appellant complains that the trial court erred by overruling his motion to suppress.  We affirm.

Background

On May 5, 2001, Keller Police Officer Berry was on duty when he saw Appellant Craig Jeffrey Gilbertson’s vehicle weave from left to right, causing the tires to cross the white line lane divider.  Berry also observed that Appellant was driving his car without a light illuminating the rear license plate. Berry stopped Appellant and ultimately arrested him for DWI.  Appellant filed a motion to suppress evidence seized as a result of the stop and arrest, asserting that Berry did not have the requisite reasonable suspicion to stop and detain him because there was no evidence that the stop occurred at night and that weaving was not enough to justify his stop.  At the hearing, the only evidence before the court was a  stipulation by Appellant stating that if Berry were to testify, he

would state he is employed by the Keller Police Department and that on the date alleged in the Information, May 5th of ‘01, he observed a vehicle that did not have a light illuminating the rear license plate. He would also say that the vehicle weaved from left to right, causing tires to cross the white line to the left and white line to the right.  He stopped the vehicle, and after that developed probable cause to believe that the driver was driving while intoxicated.

The trial court denied Appellant’s motion to suppress.  Subsequently, Appellant pled guilty and pursuant to the plea bargain agreement, the trial court sentenced him to 180 days’ confinement probated for two years and a $700 fine.

Issue on Appeal

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), 
cert. denied
, 511 U.S. 1152 (1994).

Here, the record does not demonstrate that Appellant said anything to the trial court about the lack of evidence of timing of arrest, visibility, or safety.  Nor did the evidence he presented, the stipulation, show the trial court what his specific complaint was.  
See Hull v. State
, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002).  Only on appeal does he argue these points.  
See Banda v. State
, 890 S.W.2d 42, 62 (Tex. Crim. App. 1994), 
cert. denied
, 515 U.S. 1105 (1995).  Consequently, the trial court was never given an opportunity to address these specific complaints.  
Accordingly, Appellant forfeited this point for our review.  
See
 
Tex. R. App. P
. 33.1(a)(1).  Having determined that Appellant’s sole point is not preserved for our review, we affirm the trial court's judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App.P. 
47.4.