COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-007-CR
 
  
CRAIG 
JEFFREY GILBERTSON                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Craig Jeffrey Gilbertson appeals from his conviction for driving while 
intoxicated (DWI).  In his sole point on appeal, Appellant complains that 
the trial court erred by overruling his motion to suppress. We affirm.
Background
        On 
May 5, 2001, Keller Police Officer Berry was on duty when he saw Appellant Craig 
Jeffrey Gilbertson’s vehicle weave from left to right, causing the tires to 
cross the white line lane divider. Berry also observed that Appellant was 
driving his car without a light illuminating the rear license plate. Berry 
stopped Appellant and ultimately arrested him for DWI. Appellant filed a motion 
to suppress evidence seized as a result of the stop and arrest, asserting that 
Berry did not have the requisite reasonable suspicion to stop and detain him 
because there was no evidence that the stop occurred at night and that weaving 
was not enough to justify his stop. At the hearing, the only evidence before the 
court was a stipulation by Appellant stating that if Berry were to testify, he
   
would state he is employed by the Keller Police Department and that on the date 
alleged in the Information, May 5th of ‘01, he observed a vehicle that did not 
have a light illuminating the rear license plate.  He would also say that 
the vehicle weaved from left to right, causing tires to cross the white line to 
the left and white line to the right.  He stopped the vehicle, and after 
that developed probable cause to believe that the driver was driving while 
intoxicated.  
 
The 
trial court denied Appellant’s motion to suppress. Subsequently, Appellant 
pled guilty and pursuant to the plea bargain agreement, the trial court 
sentenced him to 180 days’ confinement probated for two years and a $700 fine.
Issue on Appeal
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Further, the trial 
court must have ruled on the request, objection, or motion, either expressly or 
implicitly, or the complaining party must have objected to the trial court’s 
refusal to rule. Tex. R. App. P. 
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
Preservation of error is a systemic requirement that this court should review on 
its own motion. Martinez v. State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. 
App. 2000); Hughes v. State, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) 
(op. on reh’g), cert. denied, 511 U.S. 1152 (1994).
        Here, 
the record does not demonstrate that Appellant said anything to the trial court 
about the lack of evidence of timing of arrest, visibility, or safety. Nor did 
the evidence he presented, the stipulation, show the trial court what his 
specific complaint was. See Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim. 
App. 2002). Only on appeal does he argue these points. See Banda v. State, 
890 S.W.2d 42, 62 (Tex. Crim. App. 1994), cert. denied, 515 U.S. 1105 
(1995). Consequently, the trial court was never given an opportunity to address 
these specific complaints. Accordingly, Appellant forfeited this point for our 
review. See Tex. R. App. P. 
33.1(a)(1). Having determined that Appellant’s sole point is not preserved for 
our review, we affirm the trial court's judgment.
   
   
                                                                  PER 
CURIAM
  
  
  
PANEL 
F: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.