COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-259-CR
 
 
CLAYTON 
THOMAS CULBERTSON                                          APPELLANT
 
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
one point, Appellant complains on appeal that his two year sentence of 
confinement was assessed with the knowledge of his fear to urinate in public and 
that this violated the ban on cruel and unusual punishment.  We will 
affirm.
Background and 
Procedural History
        Appellant 
was charged by indictment for indecency with a child by contact. On May 8, 2003, 
Appellant entered an open plea, and the trial court deferred further proceedings 
and placed Appellant on community supervision for a period of ten years. On 
April 27, 2004, the trial court signed an order for the psychological testing of 
Appellant, to be given by Dr. Harry F. Klinefelter III. Dr. Klinefelter 
conducted a psychological evaluation of Appellant on May 2, 2004 and sent the 
results of his evaluation to Maria Luna, the probation officer involved in this 
case. The Community Supervision and Corrections Department (CSCD) file stamped 
the evaluation on May 14, 2004. On March 4, 2004, the State filed a petition to 
proceed to adjudication claiming that Appellant had violated the terms and 
conditions of his community supervision. On June 4, 2004, Appellant entered an 
open plea of “true” to each allegation contained in the petition. Appellant 
also waived his right to have a court reporter make a record of the proceedings. 
Thereafter, the trial court found Appellant guilty and sentenced him to two 
years’ imprisonment.
        Appellant 
claims that the trial court had knowledge of his expressed fear of going to the 
penitentiary because he was not able to urinate in public and that despite this 
knowledge sentenced him to two years’ imprisonment. However, the State argues 
that this factual allegation contained in Appellant’s brief is unsupported by 
the record. We agree with the State that without a record of the proceedings we 
are unable to say whether the trial court had the evaluation before it when 
sentencing Appellant. However, the record does reveal that the trial court 
ordered the evaluation and it was filed with CSCD prior to Appellant’s 
sentencing.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh'g), cert. denied, 526 U.S. 1070 (1999). Preservation of error 
is a systemic requirement that this court should review on its own motion. Martinez 
v. State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); Hughes v. State, 
878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh'g), cert. denied, 
511 U. S. 1152 (1994).
        The 
record does not demonstrate that Appellant objected to the trial court's 
sentence at the punishment phase of the trial or filed a post-trial motion 
complaining of the sentence. The fact that Appellant’s argument rests upon the 
constitutional ground of cruel and unusual punishment does not excuse him of the 
necessity of preserving error for appellate review. See Rhoades v. State, 
934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (reasoning that constitutional 
rights, including the right to be free from cruel and unusual punishment, may be 
waived); In re C.J.H., 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, 
no pet.). Accordingly, Appellant forfeited this point for our review. See 
Tex. R. App. P. 33.1(a)(1). Having 
determined that Appellant’s sole point is not preserved for our review, we 
affirm the trial court's judgment.
   
    
                                                                  PER 
CURIAM
  
  
  
PANEL 
B: HOLMAN, GARDNER, and McCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 19, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.