COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-05-094-CR

                                               2-05-106-CR

 

 

TERESA LYNNE DAVIS                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Teresa Lynne Davis
appeals her convictions and sentences of two years= confinement for possession of a controlled substance under one gram,
and thirty years= confinement
for solicitation of capital murder.  In
her sole point, appellant contends that the trial court abused its discretion and
erred by compelling her to respond to questions after she elected not to
testify, thus violating her federal and state constitutional and state
statutory rights against self-incrimination. 
We affirm. 

II.  Background Facts

On January 18, 2005, appellant
pled guilty to the charges of possession of a controlled substance under one
gram and solicitation of capital murder. 
On March 16, 2005, the trial court convened the sentencing phase of the
trial.  The State called Joseph Davis,
appellant=s
ex-husband, to testify.  Then appellant
called Keith Stafford and Paige DeHart to testify on her behalf.  Afterward, appellant=s attorney asked appellant, AIt=s your
choice to remain silent and to rely B to let the Judge rely on your PSI and your witnesses today?@  Appellant answered, AYes, ma=am.@

After closing arguments, the
trial court judge asked appellant, AMs. Davis, where did you get your hair done?@  Appellant stated that she only
put rollers in her hair, implying that she had not recently been to the
hairdresser.  Then the judge replied, ANo, I mean when you were out. 
What salon did you get your hair done [in]?@  Appellant responded that she
had her hair cut by a woman named Alice, who cut hair out of her home off of
Randol Mill Road.  After this exchange,
the judge sentenced appellant and advised her of her opportunity to appeal the
ruling.  Appellant did not object to the
judge=s questions at trial.








III.  Analysis

Appellant argues that
statements she made in response to the judge=s questions immediately prior to sentencing may have affected her
sentences.  She contends that the trial
judge abused his discretion by requiring her to answer questions after she had
expressed the desire to remain silent and that the questioning violated her
rights under the Fourteenth Amendment of the United States Constitution;
article I, sections 10 and 19 of the Texas Constitution; and articles 1.04 and
1.05 of the Texas Code of Criminal Procedure. 
U.S. Const. amend. XIV; Tex. Const. art. 1, '' 10, 19; Tex. Code Crim. Proc.
Ann. arts. 1.04, 1.05 (Vernon 2005).

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  








Preservation of error is a systemic requirement that this
court should review on its own motion.  Martinez
v. State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); Hughes v. State,
878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh=g), cert.
denied, 511 U.S. 1152 (1994).  AExcept for
complaints involving systemic (or absolute) requirements, or rights that are
waivable only, . . . all other complaints, whether constitutional, statutory,
or otherwise, are forfeited by failure to comply with Rule 33.1(a).@  Mendez, 138 S.W.3d at 342.

Systemic or absolute
requirements include

jurisdiction of the person,
jurisdiction of the subject matter, . . . a penal statute=s being in compliance with the
Separation of Powers Section of the state constitution[,] . . . . a
constitutional requirement that a district court must conduct its proceedings
at the county seat, the constitutional prohibition of ex post facto laws, and
certain constitutional restraints on the comments of a judge.

 

Saldano v. State, 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002) (citations omitted).  AExamples of rights that are waivable‑only include the rights to
the assistance of counsel and the right to trial by jury.@ Id. at 888.  The right
against self-incrimination does not fall into the categories of systemic or
waivable-only rights as defined by Saldano.  Id. at 888-89. 








Here, the record shows that
appellant chose not to testify, but prior to sentencing, she answered questions
put to her by the trial judge.  Although
she argues that the trial judge=s conduct was in violation of her rights against self-incrimination,
appellant voluntarily answered the trial judge=s questions without objection. 
Thus, she has forfeited her complaint on appeal. See Mendez, 138
S.W.3d at 342.  We overrule her sole
point.  

IV.  Conclusion

Having overruled appellant=s sole point on appeal, we
affirm the trial court=s
judgments.                         

 

 

PER
CURIAM

 

PANEL F:    LIVINGSTON,
HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: February
23, 2006











[1]See Tex. R. App. P. 47.4.