DAVIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-05-094-CR

        
2-05-106-CR

TERESA LYNNE DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Teresa Lynne Davis appeals her convictions and sentences of two years’ confinement for possession of a controlled substance under one gram, and thirty years’ confinement for solicitation of capital murder.  In her sole point, appellant contends that the trial court abused its discretion and erred by compelling her to respond to questions after she elected not to testify, thus violating her federal and state constitutional and state statutory rights against self-incrimination.  We affirm. 

II.  Background Facts

On January 18, 2005, appellant pled guilty to the charges of possession of a controlled substance under one gram and solicitation of capital murder.  On March 16, 2005, the trial court convened the sentencing phase of the trial.  The State called Joseph Davis, appellant’s ex-husband, to testify.  Then appellant called Keith Stafford and Paige DeHart to testify on her behalf.  Afterward, appellant’s attorney asked appellant, “It’s your choice to remain silent and to rely – to let the Judge rely on your PSI and your witnesses today?”  Appellant answered, “Yes, ma’am.”

After closing arguments, the trial court judge asked appellant, “Ms. Davis, where did you get your hair done?”  Appellant stated that she only put rollers in her hair, implying that she had not recently been to the hairdresser.  Then the judge replied, “No, I mean when you were out.  What salon did you get your hair done [in]?”  Appellant responded that she had her hair cut by a woman named Alice, who cut hair out of her home off of Randol Mill Road.  After this exchange, the judge sentenced appellant and advised her of her opportunity to appeal the ruling.  Appellant did not object to the judge’s questions at trial.

III.  Analysis

Appellant argues that statements she made in response to the judge’s questions immediately prior to sentencing may have affected her sentences.  She contends that the trial judge abused his discretion by requiring her to answer questions after she had expressed the desire to remain silent and that the questioning violated her rights under the Fourteenth Amendment of the United States Constitution; article I, sections 10 and 19 of the Texas Constitution; and articles 1.04 and 1.05 of the Texas Code of Criminal Procedure.  U.S. 
Const
. amend. XIV; 
Tex. Const
. art. 1, §§ 10, 19; 
Tex. Code Crim. Proc. Ann. 
arts. 1.04, 1.05 (Vernon 2005).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  

Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), 
cert. denied
, 511 U.S. 1152 (1994).
 
 “Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).”  
Mendez
, 138 S.W.3d at 342.

Systemic or absolute requirements 
include

jurisdiction of the person, jurisdiction of the subject matter, . . . a penal statute’s being in compliance with the Separation of Powers Section of the state constitution[,] . . . . a constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of ex post facto laws, and certain constitutional restraints on the comments of a judge.

Saldano v. State, 
70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002) (citations omitted).  “Examples of rights that are waivable-only include the rights to the assistance of counsel and the right to trial by jury.” 
Id. 
at 888.  The right against self-incrimination does not fall into the categories of systemic or waivable-only rights as defined by 
Saldano
. 
 Id. 
at 888-89. 

Here, the record shows that appellant chose not to testify, but prior to sentencing, she answered questions put to her by the trial judge.  Although she argues that the trial judge’s conduct was in violation of her rights against self-incrimination, appellant voluntarily answered the trial judge’s questions without objection.  Thus, she has forfeited her complaint on appeal. 
See Mendez,
 138 S.W.3d at 342.  We overrule her sole point.  

IV.  Conclusion

Having overruled appellant’s sole point on appeal, we affirm the trial court’s judgments. 

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 23, 2006

FOOTNOTES
1:
See
 
Tex. R. App
. P. 47.4.