COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-135-CR

 

 

STEVE DUSTIN MORRIS                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Steve Dustin Morris
entered an open plea of guilty to failure to register as a sex offender and
received four years=
confinement.  In one point, he contends
that the trial court erred by considering the presentence investigation report
(APSI@) because it
contained hearsay, thus violating his rights under the Confrontation Clause of
the Sixth Amendment to the United States Constitution.  We affirm.

BACKGROUND

At the sentencing hearing,
the trial court took judicial notice of the PSI 
upon the State=s
request.  Appellant made no objection to
the State=s request or
to the trial court=s
consideration of the PSI at punishment, but merely asked for clarification for
the record that the trial court was taking notice of the two documents in the
PSI, an investigative report and a presentence investigation data sheet.  The officer who prepared the PSI testified
about the process used to complete it, including his discussion with Appellant
after Appellant pled guilty, and the finding in the PSI that Appellant=s community supervision had been revoked on two prior
misdemeanors.  Appellant admitted at
trial that his community supervision on those misdemeanors had been revoked.

PRESERVATION OF ERROR 

Appellant complains that the
trial court committed harmful error in considering hearsay references in the
PSI about his previous history and performance while on community
supervision.  He asserts that these
references affected the trial court=s decision to deny his request for deferred adjudication and to
instead sentence him to confinement.








To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983
S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic
requirement that this court should review on its own motion. Martinez v.
State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); Hughes v. State,
878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh=g), cert. denied, 511 U.S. 1152 (1994).








To preserve a complaint about
the denial of the rights of confrontation and cross‑examination,
Appellant is required to show that he objected to such Sixth Amendment
violations.  See Mendez, 138
S.W.3d at 342; see also Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim.
App. 2000), cert. denied, 531 U.S. 1128 (2001); Courson v. State,
160 S.W.3d 125, 129 (Tex. App.CFort Worth 2005, no pet.). 
Appellant failed to object at the hearing, preserving nothing for our
review, and we reject his request to treat the alleged error as fundamental
error.  See Wright, 28 S.W.3d at
536.

CONCLUSION

We overrule Appellant=s sole point and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
January 11, 2007

 

 











[1]See Tex.
R. App. P. 47.4.