COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-135-CR

STEVE DUSTIN MORRIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Steve Dustin Morris entered an open plea of guilty to failure to register as a sex offender and received four years’ confinement.  In one point, he contends that the trial court erred by considering the presentence investigation report (“PSI”) because it contained hearsay, thus violating his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution.  We affirm.

BACKGROUND

At the sentencing hearing, the trial court took judicial notice of the PSI  upon the State’s request.  Appellant made no objection to the State’s request or to the trial court’s consideration of the PSI at punishment, but merely asked for clarification for the record that the trial court was taking notice of the two documents in the PSI, an investigative report and a presentence investigation data sheet.  The officer who prepared the PSI testified about the process used to complete it, including his discussion with Appellant after Appellant pled guilty, and the finding in the PSI that Appellant’s community supervision had been revoked on two prior misdemeanors.  Appellant admitted at trial that his community supervision on those misdemeanors had been revoked.

PRESERVATION OF ERROR
 

Appellant complains that the trial court committed harmful error in considering hearsay references in the PSI about his previous history and performance while on community supervision.  He asserts that these references affected the trial court’s decision to deny his request for deferred adjudication and to instead sentence him to confinement.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P
. 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P. 
33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic requirement that this court should review on its own motion. 
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), 
cert. denied
, 511 U.S. 1152 (1994).

To preserve a complaint about the denial of the rights of confrontation and cross-examination, Appellant is required to show that he objected to such Sixth Amendment violations.  
See Mendez
, 138 S.W.3d at 342; 
see also Wright v. State
, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000), 
cert. denied
, 531 U.S. 1128 (2001); 
Courson v. State
, 160 S.W.3d 125, 129 (Tex. App.—Fort Worth 2005, no pet.).  Appellant failed to object at the hearing, preserving nothing for our review, and we reject his request to treat the alleged error as fundamental error. 
 See Wright
, 28 S.W.3d at 536.

CONCLUSION

We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  January 11, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.