**Opinion issued October 4, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00562-CR

———————————

## MARK ANTHONY ROBINSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 19th District Court**
**McLennan County, Texas***
**Trial Court Case No. 2015-1085-C1**

---

## MEMORANDUM OPINION

Appellant Mark Anthony Robinson was convicted of felony assault. TEX.

PENAL CODE § 22.01(b). He chose to represent himself, and he waived his right to

---

* The Supreme Court of Texas, pursuant to its docket equalization authority, transferred the appeals from the Tenth Court of Appeals to this Court. *See* TEX. GOV'T CODE § 73.001; Misc. Docket No. 17–9128 (Tex. Sept. 28, 2017).

a jury trial. The court found him guilty and gave him an enhanced sentence of 15 years in prison and a $2,000 fine due to a prior conviction for a similar offense.

Robinson raises two issues on appeal. First, he contends that the trial court violated his constitutional right to present a defense by preventing him from recalling two of the State's witnesses during his case-in-chief. Second, he argues that the trial court violated his due-process right to fundamental fairness by refusing to allow him to consult with the court-appointed standby counsel during trial, after telling him that he could do so.

Because Robinson waived both issues by failing to preserve them for appellate review, we affirm.

### Background

Mark Anthony Robinson was charged with felony assault. *See* TEX. PENAL CODE § 22.01(b). His then-girlfriend, Natasha Washington, claimed that he beat her at an apartment building in Waco. An eyewitness, Shannon Jennings, called 911 and corroborated Washington's story.

After a lengthy admonition by the trial court about the risks of self-representation, Robinson expressed his desire to represent himself, waiving his right to an attorney. He likewise attempted to waive standby counsel, but the court appointed one anyway to give legal advice or to represent him if needed. The trial court explained the role of standby counsel, telling Robinson: "you can consult

2

with him if you wish to, and at any time you wish to have him appointed to represent you, you have a right to do that. He's here to give you any legal advice that you ask for him." The trial court then stated that the appointed standby counsel had no duty to answer any of Robinson's questions.

On the morning of the trial, the court reaffirmed its instructions regarding standby counsel, telling Robinson: "Now, from time to time if you need to confer with [standby counsel], I'll allow you—we can take a recess and you can talk to him, but I'm not going to allow him to sit here at the counsel table with you."

The State called four witnesses, including eyewitness Shannon Jennings and the complainant, Natasha Washington, who was being held in the local jail but appeared pursuant to a subpoena. Robinson cross-examined each of the State's witnesses. After he cross-examined Washington, the trial court allowed her to leave over Robinson's objection. The court stated that she would be subject to recall if needed.

After the State rested, Robinson gave an opening statement. At the conclusion of his opening statement, he asked to consult with his standby counsel "real quick." The trial court denied his request. The day's proceedings then concluded with Robinson calling two witnesses to testify.

The next morning, Robinson attempted to recall Washington, and he mentioned his interest in recalling Jennings. The court reminded Robinson that he

already had the chance to—and did—cross-examine both women during the State's case the previous day. Robinson explained that he wanted to question Washington about her criminal history and recent arrest for the purposes of impeachment. He was also concerned that the prosecutor and Washington's defense attorney for another case were coaxing her to be dishonest. The court refused to recall Washington, pointing out that Robinson had already questioned her about those matters the previous day, that they were otherwise already before the court, or that the matters were improper for examination.

Robinson then asked again to consult with standby counsel. His request was again denied. Robinson clarified that he had wanted to ask a legal question and that he believed standby counsel had been appointed for that reason. The trial court made no further ruling on the matter, nor did Robinson object.

Robinson then discussed with the trial court the prospect of recalling a few other witnesses, including Jennings. As with Washington, he sought to discredit Jennings's testimony. The trial court pointed out that Robinson already had covered that subject during his cross-examination the day before. While Robinson explained that further testimony from Jennings would benefit his case, he did not formally request to recall her. As a result, the court never made a ruling on that matter, and Robinson rested his case.

After closing arguments, the court found Robinson guilty felony assault.

4

**Analysis**

**I.    Attempts to recall witnesses**

Robinson argues that by prohibiting him from recalling the eyewitness, Shannon Jennings, and the complainant, Natasha Washington, during his case-in-chief, the trial court denied his constitutional right to present a defense. The State argues that the merits of Robinson's first issue were not sufficiently preserved for review.

For a party to preserve a complaint for appellate review, the record must show that a complaint was made to the trial court "by a timely request, objection, or motion" that complies with the rules of evidence. TEX. R. APP. P. 33.1(a)(1)(B). The trial court then must rule on the objection, or the complaining party must object to the court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Even constitutional errors may be waived if the complaining party failed to object at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). The purpose of requiring an objection is to put the trial court on sufficient notice to give it the opportunity to remove the basis of the objection. *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000). In certain circumstances, an issue can be preserved even when the complaining party fails to object. *See Proenza v. State*, 541 S.W.3d 786, 796 (Tex. Crim. App. 2017). However, Robinson does not argue that in this circumstance he was excused from the requirement of objecting to preserve error.

We conclude that Robinson has waived his first issue by his failure to object to the trial court's ruling. A claim of error cannot be preserved for appeal when there is no objection stating the grounds for the complaining party's desired ruling with "sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A). With respect to both witnesses identified on appeal, Robinson attempted to express reasons why he should be able to recall the witnesses, but he actually requested to recall only Washington. He discussed obtaining further testimony from Jennings with the trial court, but he never requested to recall her. As a result, the court ruled only on his request to recall Washington, and Robinson did not object based on his constitutional right to present a defense.

Robinson argues that while a self-represented defendant must follow the same rules of evidence and procedure as an attorney, a court should still "listen carefully" to a pro se defendant's statements to "determine what claim he is making or what relief he is requesting." However, even giving great latitude to the meaning of Robinson's words, he did not say anything that put the court on notice of a constitutional objection such that the court had an opportunity to correct the ruling. Therefore, by failing to first raise his constitutional argument in the trial court, Robinson waived his first issue.

## II.    Refusal to allow consultation with standby counsel

Robinson also argues that the trial court violated his due-process right to fundamental fairness by refusing to allow him to confer with his standby counsel on two occasions. Although Robinson admits that a self-represented defendant has no constitutional right to standby counsel, he argues that it was fundamentally unfair for the trial court to tell him standby counsel would be available, only to later deny him access to the lawyer. The State again argues that Robinson failed to preserve error.

The first time Robinson asked to consult his standby counsel, at the conclusion of his opening statement, he did not object or make any statement on the record to indicate that he believed his constitutional rights were being violated when the trial court declined permission to consult with standby counsel. Since Robinson neither objected nor raised a constitutional issue, he did not preserve error.

The second time Robinson asked to consult his standby counsel was during his case-in-chief, after the trial court refused to allow him to recall Washington and also denied his request to consult standby counsel. Robinson tried to clarify that he wanted to ask standby counsel a legal question, but the court denied his request again. Robinson did not object to continuing with the trial, nor did he raise a constitutional issue about the fundamental fairness of the court's ruling. As a

result, Robinson's failure to object is determinative, resulting in his waiver of his second issue.

## Conclusion

Since Robinson has failed to preserve either of his issues for review, we affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).