**Opinion issued December 19, 2019.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00774-CR

———————————

**ADRIAN GOMEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1405348**

---

## MEMORANDUM OPINION

Adrian Gomez was convicted of murder and sentenced to confinement for life. *See* TEX. PENAL CODE § 19.02. In a single issue, Gomez contends that the trial court abused its discretion in denying his motion to suppress his custodial statement. Because Gomez's argument on appeal does not comport with the

objection he made at trial, we hold that Gomez failed to preserve error for appellate review. Therefore, we affirm.

## Background

In the fall of 2013, Gomez attempted to rob a taco truck in Harris County, Texas. During the altercation, Gomez shot and killed the truck's owner. Gomez fled the scene and was later apprehended in Madison County, Texas, where he made his initial appearance before a local magistrate.

At the initial appearance, the magistrate informed Gomez that he had been charged with capital murder and provided him with a statutory magistrate's warning. *See* TEX. CODE CRIM. PROC. art. 15.17. The magistrate read each warning from a magistrate's warning form. She went through the warnings on the form line by line, checking each after Gomez stated that he understood it. The magistrate checked the line on the form indicating that Gomez requested that he be appointed an attorney and noted in handwriting that Gomez would make the request "at Harris Co." Gomez reviewed and signed the form.

Gomez was then transported back to Harris County, where he was interrogated by a police officer investigating the shooting. Before the interrogation began, the officer read Gomez a statutory interrogation warning. *See id.* art. 38.22, §§ 2–3. Gomez then waived his rights and confessed to the murder.

Before trial, Gomez moved to suppress his custodial statement, arguing that the statement violated Code of Criminal Procedure, article 38.22, because the interrogation was initiated and conducted after he had already requested that he be appointed counsel at his initial appearance. *See id.* art. 38.22, §§ 2(a)(3), (b), 3(a)(2). Gomez asserted that by requesting counsel at his initial appearance, he invoked his right to have a lawyer present to advise him before and during any custodial interrogation. *See id.* art. 38.22, § 2(a)(3). And, as a result, Gomez claimed, the waiver he made before his interrogation—and outside the presence of counsel—was involuntary.

The State responded that Gomez's motion rested on caselaw that had been abrogated by the United States Supreme Court in *Montejo v. Louisiana*, 556 U.S. 778 (2009). Under existing law, the State explained, Gomez's request for counsel at his initial appearance did not constitute an invocation of his right to counsel at future custodial interrogations initiated by the police. *See Pecina v. State*, 361 S.W.3d 68, 78 (Tex. Crim. App. 2012) ("Distilled to its essence, *Montejo* means that a defendant's invocation of his right to counsel at his Article 15.17 hearing says nothing about his possible invocation of his right to counsel during later police-initiated custodial interrogation."); *Williams v. State*, 531 S.W.3d 902, 915 (Tex. App.—Houston [14th Dist.] 2017) ("Under *Montejo,* appellant's request for counsel at an arraignment has no effect on the invocation of his right to counsel

during later police-initiated custodial interrogation."), *aff'd*, 585 S.W.3d 478 (Tex. Crim. App. 2019). The trial court agreed, found that Gomez knowingly, intelligently, and voluntarily waived his rights, and denied the motion.

The case then proceeded to trial. The jury convicted Gomez of murder, and the trial court sentenced Gomez to confinement for life.

Gomez appeals.

## Preservation of Error

In his sole issue, Gomez argues that the trial court abused its discretion in denying his motion to suppress his custodial statement because the magistrate failed to comply with Code of Criminal Procedure, article 15.17, at Gomez's initial appearance, thereby rendering his subsequent custodial statement involuntary and thus inadmissible.

Under Texas law, the term "initial appearance" is used to describe the proceeding at which an arrestee is first brought before a magistrate. *See Pecina*, 361 S.W.3d at 77. It is governed by Code of Criminal Procedure, article 15.17.

Article 15.17 begins by providing that the arresting officer "shall without unnecessary delay . . . take the person arrested . . . before some magistrate" to make his initial appearance. TEX. CODE CRIM. PROC. art. 15.17(a). Article 15.17 then sets forth the duties of the magistrate at the initial appearance and immediately afterward. *Id.* These duties primarily consist in providing the arrestee

4

with a detailed set of warnings, many of which are similar to those that an officer is required to provide before a custodial interrogation under article 38.22. *Compare id.*, *with id.* art. 38.22, §§ 2(a), 3(a)(2).

In addition to providing these warnings, article 15.17 imposes various other duties on the magistrate, some of which are without analogue under article 38.22. As relevant here, article 15.17 provides that the magistrate "shall allow the person arrested reasonable time and opportunity to consult counsel." *Id.* art. 15.17(a). Gomez construes this part of article 15.17 as requiring the magistrate to allow the arrestee reasonable time and opportunity to consult with an attorney *at the initial appearance*. Gomez argues that the magistrate violated this part of article 15.17 by failing to offer Gomez the opportunity to speak with an attorney in Madison County before the police transported him back to Harris County.

The State responds that Gomez failed to preserve this complaint for consideration on appeal. We agree.

To preserve a complaint for appellate review, the complaining party must normally make a timely and specific objection and obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). Although we are not "hyper-technical" in determining whether error was preserved, "the point of error on appeal must comport with the objection made at trial." *Bekendam*, 441 S.W.3d at 300. Thus, "[a]n objection stating one

5

legal theory [at trial] may not be used to support a different legal theory on appeal." *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (quoting *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)).

Here, Gomez's argument on appeal does not comport with the objection made at trial. At trial, Gomez argued that he invoked his right to counsel at his initial appearance and that the investigating officer therefore violated article 38.22 when he later conducted a custodial interrogation outside the presence of Gomez's counsel. On appeal, by contrast, Gomez argues that the magistrate violated article 15.17 by failing to allow Gomez reasonable time and opportunity to consult counsel in Madison County before the police transported him back to Harris County.

Thus, Gomez's legal theory on appeal is different from his legal theory at trial. The two theories are based on different laws (article 15.17 and article 38.22) imposing duties on different parties (the magistrate and the investigating officer) at different proceedings (the initial appearance and the custodial interrogation).

Assuming without deciding that Gomez has correctly construed and applied article 15.17, we hold that Gomez has failed to preserve his complaint for appellate review. *See, e.g.*, *Mbugua v. State*, 312 S.W.3d 657, 666–67 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding that defendant did not preserve complaint

regarding admissibility of custodial statement in part because complaint on appeal did not comport with grounds argued in motion to suppress).

Gomez contends that the admission of his custodial statement constituted fundamental error that can be considered by this Court even without an objection raised in the trial court. We disagree.

It is well-established that complaints regarding the improper admission of evidence, such as a defendant's custodial statement, must be objected to at trial to be preserved for consideration on appeal. *See Saldano v. State*, 70 S.W.3d 873, 890 (Tex. Crim. App. 2002) ("Because the appellant did not object to the admission of the testimony of which he now complains, the question he seeks to present has not been preserved for review on appeal."); *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000) ("To preserve error regarding the admission of evidence, a defendant must lodge a timely and specific objection . . . to give the trial court . . . the opportunity to correct the error . . . ."); *Mbugua*, 312 S.W.3d at 666–67 (holding that defendant did not preserve complaint regarding admissibility of custodial statement because complaint on appeal did not comport with grounds argued in motion to suppress).

We overrule Gomez's sole issue.

## Conclusion

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).