PETTIGREW V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-139-CR

RICHARD LEE PETTIGREW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH  DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Richard Lee Pettigrew appeals his conviction for indecency with a child.  In his sole point on appeal, appellant asserts that the trial court erred in admitting evidence of an extraneous offense.  We affirm.

II. Background Facts

In the summer of 2003, in preparation for a family reunion, various family members gathered at the home of Peggy and Lester Griffin in Hood County.  M.H., age eleven, and C.P., age fifteen, were among those staying at the Griffin’s home.  After an evening spent at the Griffin’s home, M.H. and C.P. went to the guest bedroom to watch television.  Appellant, the Griffins’ son-in-law, and Lester Griffin spent the evening at a local strip bar and returned home intoxicated. 

After watching television with his wife Leslie, appellant entered the guest bedroom and asked M.H. and C.P. if he could sleep with them.  He then proceeded to touch M.H. in various inappropriate ways until she left the bedroom.  Soon after M.H. left, appellant began to touch C.P. inappropriately, and she also left the bedroom.  The girls told Leslie about the incident, and she made them confront appellant.  Appellant later said that he thought he had been in bed with Leslie. 

The State subsequently charged appellant with two counts of indecency with M.H.
(footnote: 2)  At an evidentiary hearing outside the jury’s presence,
(footnote: 3) the trial court heard sworn testimony from C.P. in which she described appellant’s inappropriate touching of her on the same night and in the same bed as alleged in the counts with respect to M.H., for the purpose of determining whether the testimony was admissible in the trial for the offenses against M.H.  Appellant objected that the evidence was inadmissible as extraneous offense evidence.  However, the trial court decided to admit the evidence, finding that the evidence was same transaction contextual evidence and that the testimony went to the issue of appellant’s intent or lack of mistake.
(footnote: 4)  At the hearing, appellant was granted a running objection to C.P.’s extraneous offense testimony. 

III. Preservation of Error

Although the State does not argue that appellant’s issue was forfeited, preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), 
cert. denied
, 511 U.S. 1152 (1994).
  

When a trial court hears objections to proffered evidence outside the jury’s presence and rules that the evidence is admissible, the objections are deemed to apply to the evidence when it is admitted before the jury without the necessity of repeating the objections.  
Tex. R. Evid.
 103(a)(1); 
Geuder v. State
, 115 S.W.3d 11, 13-14 (Tex. Crim. App. 2003); 
Ethington v. State
, 819 S.W.2d 854, 859 (Tex. Crim. App. 1991).  Thus, appellant’s objections at the hearing to determine the admissibility of C.P.’s testimony are deemed to apply when the evidence was admitted at trial.

Appellant’s point on appeal is the general statement that “[t]he trial court erred by allowing testimony of an extraneous offense.”  However, appellant’s sole argument is that the evidence was inadmissible because the trial court conducted a rule 403 balancing test at the admissibility hearing before any other evidence had been admitted, including, importantly, M.H.’s testimony; thus, appellant contends that the trial court prematurely conducted the balancing test because the state of the evidence was not sufficiently developed to balance all of the 
Montgomery
 factors.  
See 
Tex. R. Evid.
 403; 
Montgomery v. State
, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991) (op. on reh’g).  Appellant fails to cite any authority as the basis for his proposition.  Moreover, appellant failed to object on this basis when the trial court announced that it had conducted a rule 403 balancing test in determining whether C.P.’s testimony would be admissible at trial.  Appellant’s only objections at the admissibility hearing were based on rule 404(b); specifically, appellant argued that C.P.’s testimony was not same transaction contextual evidence.
(footnote: 5)  
Tex. R. Evid.
 404(b); 
see also Rogers v. State
, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993) (explaining that same transaction contextual evidence is a type of background evidence admissible under rule 404(b)).  The trial court granted appellant’s request for “a running objection before the jury to this extraneous offense testimony by” C.P.
(footnote: 6) 

To exclude extraneous offense evidence under rule 403, the opponent must specifically request a 403 ruling.  
Montgomery
, 810 S.W.2d at 388.  An objection that proffered evidence amounts to proof of “extraneous evidence” does not suffice, by itself, to invoke a ruling from the trial court as to whether the evidence is nevertheless subject to exclusion of the ground of unfair prejudice.  
Id
.  An objection based upon rule 403 is also required in order to preserve the issue for review.  
Id.; see also McDonald v. State
, No. 03-02-00582-CR, 2003 WL 21554069 (Tex. App.—Austin July 11, 2003, pet. ref’d) (not designated for publication) (holding appellant’s running objection based on rule 404(b) did not preserve error based on rule 403).  

Moreover, appellant’s objections at trial do not comport with his complaint on appeal.  
The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited.  
Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
  

Because appellant did not object to C.P.’s testimony on rule 403 grounds, and because his objections at trial do not comport with his contention on appeal, we hold that he forfeited his point on appeal.  We overrule appellant’s sole point.

IV. Conclusion 

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 9, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The original indictment charged appellant with two counts of indecency with M.H. and with two counts of indecency with C.P., but the trial court severed the counts with respect to C.P. at appellant’s request.  The jury convicted appellant of only one count of indecency with M.H.  

3:
The hearing occurred after voir dire but before opening statements.  The prosecutor raised the issue of the admissibility of C.P.’s testimony “in the abundance of caution,” stating that he intended to “go into” the matter during his opening statement and during the State’s case-in-chief. 

4:
The State argued that one of appellant’s defenses would be that he accidentally touched M.H.  Thus, the State argued that C.P.’s testimony was admissible because the fact that he touched both of the girls inappropriately would supply evidence of the necessary intent to arouse or gratify his sexual desires.  
See
 
Tex. Penal Code Ann.
 § 21.11(a)(1), (c) (Vernon 2003).

5:
Some of appellant’s objections refer to the State’s need for the testimony, stating that the trial court could not determine that need until M.H. testified.  But it is clear from the context of these objections that they relate solely to whether the testimony is admissible under rule 404(b) as same transaction contextual evidence or to show appellant’s intent to arouse or gratify his sexual desires.  
Tex. R. Evid.
 404(b); 
Rogers
, 853 S.W.2d at 33.

6:
Before C.P. testified at trial, appellant asked the trial court to renew the “same objection made outside the jury.”