COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-139-CR

 

 

RICHARD LEE PETTIGREW                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 355TH  DISTRICT COURT
OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Appellant Richard Lee
Pettigrew appeals his conviction for indecency with a child.  In his sole point on appeal, appellant
asserts that the trial court erred in admitting evidence of an extraneous
offense.  We affirm.








II. Background Facts

In the summer of 2003, in
preparation for a family reunion, various family members gathered at the home
of Peggy and Lester Griffin in Hood County. 
M.H., age eleven, and C.P., age fifteen, were among those staying at the
Griffin=s home.  After an evening spent
at the Griffin=s home, M.H.
and C.P. went to the guest bedroom to watch television.  Appellant, the Griffins= son-in-law, and Lester Griffin spent the evening at a local strip bar
and returned home intoxicated. 

After watching television
with his wife Leslie, appellant entered the guest bedroom and asked M.H. and
C.P. if he could sleep with them.  He
then proceeded to touch M.H. in various inappropriate ways until she left the
bedroom.  Soon after M.H. left, appellant
began to touch C.P. inappropriately, and she also left the bedroom.  The girls told Leslie about the incident, and
she made them confront appellant. 
Appellant later said that he thought he had been in bed with Leslie. 








The State subsequently
charged appellant with two counts of indecency with M.H.[2]  At an evidentiary hearing outside the jury=s presence,[3]
the trial court heard sworn testimony from C.P. in which she described
appellant=s
inappropriate touching of her on the same night and in the same bed as alleged
in the counts with respect to M.H., for the purpose of determining whether the
testimony was admissible in the trial for the offenses against M.H.  Appellant objected that the evidence was
inadmissible as extraneous offense evidence.  However, the trial court decided to admit the
evidence, finding that the evidence was same transaction contextual evidence
and that the testimony went to the issue of appellant=s intent or lack of mistake.[4]  At the hearing, appellant was granted a
running objection to C.P.=s extraneous
offense testimony. 








III. Preservation of Error

Although the State does not argue that appellant=s issue was
forfeited, preservation of error is a systemic requirement that this court
should review on its own motion.  Martinez
v. State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); Hughes v. State,
878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh=g), cert.
denied, 511 U.S. 1152 (1994).  

When a trial court hears objections to proffered evidence
outside the jury=s presence and rules that the evidence is
admissible, the objections are deemed to apply to the evidence when it is
admitted before the jury without the necessity of repeating the
objections.  Tex. R. Evid. 103(a)(1); Geuder v. State, 115 S.W.3d
11, 13-14 (Tex. Crim. App. 2003); Ethington v. State, 819 S.W.2d 854,
859 (Tex. Crim. App. 1991).  Thus,
appellant=s objections at the hearing to determine
the admissibility of C.P.=s testimony are deemed to apply when the
evidence was admitted at trial.








Appellant=s point on appeal is the general statement that A[t]he trial court erred by allowing testimony of an extraneous
offense.@  However, appellant=s sole argument is that the evidence was inadmissible because the
trial court conducted a rule 403 balancing test at the admissibility hearing
before any other evidence had been admitted, including, importantly, M.H.=s testimony; thus, appellant contends that the trial court prematurely
conducted the balancing test because the state of the evidence was not
sufficiently developed to balance all of the Montgomery factors.  See Tex.
R. Evid. 403; Montgomery v. State, 810 S.W.2d 372, 392 (Tex.
Crim. App. 1991) (op. on reh=g).  Appellant fails to cite any
authority as the basis for his proposition. 
Moreover, appellant failed to object on this basis when the trial court
announced that it had conducted a rule 403 balancing test in determining
whether C.P.=s testimony
would be admissible at trial.  Appellant=s only objections at the admissibility hearing were based on rule
404(b); specifically, appellant argued that C.P.=s testimony was not same transaction contextual evidence.[5]  Tex.
R. Evid. 404(b); see also Rogers v. State, 853 S.W.2d 29, 33
(Tex. Crim. App. 1993) (explaining that same transaction contextual evidence is
a type of background evidence admissible under rule 404(b)).  The trial court granted appellant=s request for Aa running
objection before the jury to this extraneous offense testimony by@ C.P.[6]









To exclude extraneous offense
evidence under rule 403, the opponent must specifically request a 403
ruling.  Montgomery, 810 S.W.2d at
388.  An objection that proffered
evidence amounts to proof of Aextraneous evidence@ does not suffice, by itself, to invoke a ruling from the trial court
as to whether the evidence is nevertheless subject to exclusion of the ground
of unfair prejudice.  Id.  An objection based upon rule 403 is also
required in order to preserve the issue for review.  Id.; see also McDonald v. State, No.
03-02-00582-CR, 2003 WL 21554069 (Tex. App.CAustin July 11, 2003, pet. ref=d) (not designated for publication) (holding appellant=s running objection based on rule 404(b) did not preserve error based
on rule 403).  

Moreover, appellant=s objections at trial do not comport with his complaint on
appeal.  The complaint made on appeal must
comport with the complaint made in the trial court or the error is
forfeited.  Heidelberg v. State,
144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Bell v. State, 938 S.W.2d 35,
54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997); Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  

Because appellant did not
object to C.P.=s testimony
on rule 403 grounds, and because his objections at trial do not comport with
his contention on appeal, we hold that he forfeited his point on appeal.  We overrule appellant=s sole point.








IV. Conclusion 

Having
overruled appellant=s sole
point, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 9, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
original indictment charged appellant with two counts of indecency with M.H.
and with two counts of indecency with C.P., but the trial court severed the
counts with respect to C.P. at appellant=s request.  The jury convicted appellant of only one
count of indecency with M.H.  





[3]The
hearing occurred after voir dire but before opening statements.  The prosecutor raised the issue of the
admissibility of C.P.=s
testimony Ain
the abundance of caution,@
stating that he intended to Ago into@ the
matter during his opening statement and during the State=s
case-in-chief. 





[4]The
State argued that one of appellant=s defenses would be that he
accidentally touched M.H.  Thus, the
State argued that C.P.=s
testimony was admissible because the fact that he touched both of the girls
inappropriately would supply evidence of the necessary intent to arouse or
gratify his sexual desires.  See Tex. Penal Code Ann. '
21.11(a)(1), (c) (Vernon 2003).





[5]Some
of appellant=s
objections refer to the State=s need for the testimony,
stating that the trial court could not determine that need until M.H.
testified.  But it is clear from the
context of these objections that they relate solely to whether the testimony is
admissible under rule 404(b) as same transaction contextual evidence or to show
appellant=s
intent to arouse or gratify his sexual desires. 
Tex. R. Evid. 404(b); Rogers,
853 S.W.2d at 33.





[6]Before
C.P. testified at trial, appellant asked the trial court to renew the Asame
objection made outside the jury.@