KARKUTT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-560-CR

STEVEN CRAIG KARKUTT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Steven Craig Karkutt pleaded guilty to two counts of aggravated sexual assault of a child, and a jury assessed punishment at twenty-five years’ confinement on each count.  In two points, Appellant argues that the trial court erred by admitting certain testimony at the punishment phase of trial.  We affirm.

In his first point, Appellant argues that the trial court erred by allowing his probation officer to testify that Appellant told her that he had “orally stimulated” another child—his ten-year-old stepson—over Appellant’s Rule 403 objection.  
See 
Tex. R. Evid. 
403.  The State argues that the error, if any, was cured when Appellant’s wife and therapist each testified about the same extraneous offense without objection.

To preserve error, a party must continue to object each time the objectionable evidence is offered.  
Fuentes v. State
, 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999); 
Ethington v. State
, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court’s erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson v. State
, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991), 
overruled on other grounds by 
Heitman v. State
, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991)
.  
A party must object each time inadmissible evidence is offered or obtain a running objection.  
Valle v. State
, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.  
Id.

Appellant’s wife testified without objection that Appellant admitted to having oral, sexual contact with his stepson.  His therapist testified without objection that Appellant told him that he “had oral contact with [his stepson’s] penis.”  Because the evidence of which Appellant complains was elsewhere admitted without objection, the error, if any, in the admission of the complained-of evidence was cured.  
See id.  
We therefore overrule Appellant’s first point.

In his second point, Appellant argues that the trial court erred by allowing the pediatrician who examined the complainant for medical evidence of sexual assault to testify about the possible future psychological consequences of childhood sexual assault to a victim of such abuse.  At trial, Appellant objected to the testimony as speculative.  The trial court overruled his objection but gave Appellant a running objection to the doctor’s future-consequences testimony. On appeal, Appellant argues that the doctor was not qualified to testify about the future psychological 
effects of childhood sexual abuse. 

A challenge to expert qualifications must be made at trial to preserve a complaint about them on appeal.  
Martinez v. State
, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).  An objection that an expert’s testimony is speculative does not preserve a complaint about the expert’s qualifications.  
See Villarreal v. State
, No. 2-04-00102-CR, 2005 WL 1994316, at *1 & n.2 (Tex. App.—Fort Worth 2005, pet. ref’d) (mem. op.).  
 
A party’s complaint on appeal must comport with the complaint made in the trial court or it is forfeited.  
Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

Appellant’s trial objection to the doctor’s testimony as speculative did not preserve his complaint on appeal about her qualifications.  Nor does his trial objection comport with his appellate complaint. We therefore hold that Appellant has forfeited his complaint about the doctor’s qualifications, and we overrule his second point.

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.
 

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 22, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.