COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-560-CR

 

 

STEVEN CRAIG KARKUTT                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Steven Craig
Karkutt pleaded guilty to two counts of aggravated sexual assault of a child,
and a jury assessed punishment at twenty-five years= confinement on each count.  In
two points, Appellant argues that the trial court erred by admitting certain
testimony at the punishment phase of trial. 
We affirm.








In his first point, Appellant
argues that the trial court erred by allowing his probation officer to testify
that Appellant told her that he had Aorally stimulated@ another childChis
ten-year-old stepsonCover
Appellant=s Rule 403
objection.  See Tex. R. Evid. 403.  The State argues that the error, if any, was
cured when Appellant=s wife and
therapist each testified about the same extraneous offense without objection.








To preserve error, a party
must continue to object each time the objectionable evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Ethington v.
State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court=s erroneous admission of evidence will not require reversal when other
such evidence was received without objection, either before or after the
complained-of ruling.  Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v. State, 803 S.W.2d
272, 291 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991), overruled
on other grounds by Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim. App.
1991).  A party must object each time
inadmissible evidence is offered or obtain a running objection.  Valle v. State, 109 S.W.3d 500, 509
(Tex. Crim. App. 2003).  An error in the
admission of evidence is cured where the same evidence comes in elsewhere
without objection.  Id.

Appellant=s wife testified without objection that Appellant admitted to having
oral, sexual contact with his stepson. 
His therapist testified without objection that Appellant told him that
he Ahad oral contact with [his stepson=s] penis.@  Because the evidence of which Appellant
complains was elsewhere admitted without objection, the error, if any, in the
admission of the complained-of evidence was cured.  See id. 
We therefore overrule Appellant=s first point.

In his second point,
Appellant argues that the trial court erred by allowing the pediatrician who
examined the complainant for medical evidence of sexual assault to testify
about the possible future psychological consequences of childhood sexual
assault to a victim of such abuse.  At
trial, Appellant objected to the testimony as speculative.  The trial court overruled his objection but
gave Appellant a running objection to the doctor=s future-consequences testimony. On appeal, Appellant argues that the
doctor was not qualified to testify about the future psychological effects of
childhood sexual abuse. 








A challenge to expert
qualifications must be made at trial to preserve a complaint about them on
appeal.  Martinez v. State, 22
S.W.3d 504, 507 (Tex. Crim. App. 2000). 
An objection that an expert=s testimony is speculative does not preserve a complaint about the
expert=s qualifications.  See
Villarreal v. State, No. 2‑04‑00102‑CR, 2005 WL 1994316,
at *1 & n.2 (Tex. App.CFort Worth 2005, pet. ref=d) (mem. op.).   A party=s complaint on
appeal must comport with the complaint made in the trial court or it is
forfeited.  Heidelberg v. State,
144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Bell v. State, 938 S.W.2d
35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997); Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

Appellant=s trial objection to the doctor=s testimony as speculative did not preserve his complaint on appeal
about her qualifications.  Nor does his
trial objection comport with his appellate complaint. We therefore hold that
Appellant has forfeited his complaint about the doctor=s qualifications, and we overrule his second point.

Having overruled both of
Appellant=s points, we
affirm the trial court=s judgment.    

 

 

ANNE GARDNER

JUSTICE

 








PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 22, 2006











[1]See Tex. R. App. P. 47.4.