NO. 07-06-0248-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2006

_____


PATRICK W. FRAZIER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408497; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea, Appellant, Patrick W. Frazier, was granted deferred adjudication for aggravated assault with a deadly weapon and ordered to complete five years of community supervision. The State subsequently filed a motion to proceed with adjudication of guilt, and following a hearing, the trial court revoked Appellant's community

supervision, adjudicated him guilty of the original offense, and sentenced him to five years confinement. By a single point of error, Appellant contends the trial court erred because it considered punishment evidence outside the record. We affirm.

At the hearing on the State's motion to proceed, Appellant pled true to three of the seven alleged violations of his community supervision. One of the conditions of his community supervision was that he have no contact with the victim "either directly or indirectly, or by any other means." Although Appellant admitted to violating this condition, the State presented evidence that he was in contact with the victim. His probation officer testified Appellant was with the victim in her vehicle when he was arrested for failing to identify himself during a traffic stop and that the victim "bonded him out" the following day. The officer also testified that he received telephone calls from Appellant on two separate occasions in which Appellant provided the victim's phone number as the number where he could be contacted. The State also called the trooper that arrested Appellant who was able to confirm that Appellant was with the victim at the time of his arrest.

At the conclusion of the evidence, the trial court found Appellant violated the conditions of his community supervision and adjudicated him guilty of the original offense. Neither party presented evidence regarding punishment.[1] Following brief statements from both parties, the trial court revoked Appellant's community supervision and sentenced him to ten years confinement. When asked whether there was anything he needed to bring to

---

[1]The State simply reurged the previous testimony.

the attention of the court, Appellant asked the court to reconsider. The court then made the following statement concerning Appellant's inability to avoid contact with the victim:

> "My suspicion is you violated that one several times by being around her when you knew that a term and condition of your probation was that you were not to be around her, period."

The court subsequently reduced Appellant's term of confinement to five years.

By his sole point of error, Appellant contends the court's statement during the pronouncement of the sentence was a violation of due process and that the use of "mere speculation" during punishment violated his constitutional right to confrontation. We disagree.

As a prerequisite to appellate review, a defendant must make a timely request, objection, or motion stating the grounds with sufficient specificity to apprise the trial court of his complaint. Tex. R. App. P. 33.1(a). An appellant may not complain of error pertaining to punishment where he failed to object or otherwise bring the error to the attention of the trial court. Mercado v. State, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986). The purpose of this requirement "is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection." Martinez v. State, 22 S.W.3d 504, 507 (Tex.Crim.App. 2000). Because Appellant failed to apprise the trial court of his complaint, his point presents nothing for review. Even assuming arguendo that error was preserved, the trial court's belief that Appellant contacted the victim on more than

one occasion is supported by ample evidence in the record and was not an abuse of discretion. *See* <u>Cardona v. State</u>, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). Appellant's point is overruled.

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.