

# NUMBER 13-12-00740-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE RICK MUNGIA A/K/A ENRIQUE MUNGIA

### On appeal from the 94th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

In this out-of-time appeal granted pursuant to a post-conviction application for writ of habeas corpus, *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012), appellant Rick Mungia a/k/a Enrique Mungia challenges his conviction by a jury on two counts of sexual assault, second-degree felonies for which he was sentenced to two concurrent twenty-year sentences of incarceration. *See* TEX. PENAL CODE ANN. § 22.011(a)(1), (f) (West 2011). By one issue, Mungia argues that the trial court violated

his federal and state Confrontation Clause rights by limiting cross-examination of the alleged victim.   *See* U.S. CONST. amend VI; TEX. CONST. art. I, § 10.   We affirm.

## I.  Background

Mungia was indicted for two counts of aggravated sexual assault as follows:

<u>COUNT 1</u>

RICK MUNGIA, defendant, on or about JUNE 6, 2003, in Nueces County, Texas, did then and there intentionally or knowingly cause the penetration of the MOUTH of [J.E] by the defendant's sexual organ, without the consent of [J.E.], and in the course of the same criminal episode the defendant used or exhibited a deadly weapon, to wit:   CHINESE THROWING STAR.

<u>COUNT 2</u>

RICK MUNGIA, defendant, on or about June 6, 2003, in Nueces County, Texas, did then and there intentionally or knowingly cause the penetration of the SEXUAL ORGAN of [J.E.] by the defendant's sexual organ, without the consent of [J.E.], and in the course of the same criminal episode the defendant used or exhibited a deadly weapon, to wit:   CHINESE THROWING STAR.

*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A), (2)(A)(iv) (West 2011).   Mungia pleaded not guilty to the indicted offenses, and his case was tried to a jury in April 2005.   After the close of evidence, the jury convicted Mungia on two counts of the lesser-included offense of second-degree felony sexual assault.   *See id.* § 22.011(a)(1), (f).   The jury sentenced Mungia to twenty years' incarceration for each offense, and the trial court ordered the sentences to run concurrently.

In July 2012, Mungia filed a post-conviction application for writ of habeas corpus, arguing that his trial counsel was ineffective for failing to properly advise him on his right to appeal his conviction, and as a result, Mungia did not appeal.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.   In the proceedings that followed, it was discovered that Mungia's

2

trial counsel did file a notice of appeal, but that the notice had been filed late and the appeal dismissed by this Court. In light of this, the trial court granted Mungia's application and issued an order allowing Mungia to file an out-of-time appeal, which is what brings the case before us now.

## II. Discussion

By one issue, Mungia argues that his rights under the Confrontation Clauses of the United States and Texas Constitutions were violated when the trial court limited his cross-examination of J.E. about her drug use before and after the rape and whether her probation had been revoked as a result. But Mungia failed to preserve this issue for our review. When the trial court limited his cross-examination of J.E., Mungia complained only that the trial court's limitation violated rule 613(b), which allows a party to use "circumstances or statements showing bias or interest" to impeach a witness. *See* TEX. R. EVID. 613(b); *see also Dixon v. State*, 2 S.W.3d 263, 271 (Tex. Crim. App. 1998) (indicating that the rule allows the use of specific instances of conduct that show bias or interest to impeach a witness). To preserve a complaint for appellate review, a timely objection must have been made that "stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint . . . ." TEX. R. APP. P. 33.1(a)(1)(A); *see Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (requiring that a defendant's objection specifically inform the trial court that he is complaining of a violation of the Confrontation Clause in order to preserve that complaint for appellate review). "We have said that '[t]he purpose of requiring [an] objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the

3

objection.'" *Reyna*, 168 S.W.3d at 179 (quoting *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000)). Here, Mungia did not object on the basis of the Confrontation Clause, either expressly or implicitly and, thus, gave neither the trial court nor the State the opportunity to correct the error, if any, on this basis. Thus, he failed to preserve his Confrontation Clause argument for appellate review, and we will not address it. Mungia's issue is overruled.

### III. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 21st
day of November, 2013.