**AFFIRM; and Opinion Filed January 3, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00133-CR

### MANDY ROSEANNE STATTS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1323660-U**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and O'Neill[1]
Opinion by Justice Lang-Miers

The State charged appellant, Mandy Roseanne Statts, with two offenses: possession of methamphetamine in an amount less than one gram and tampering with evidence. A jury convicted her of the drug charge and acquitted her of the tampering-with-evidence charge. The trial court assessed appellant's punishment at two years in state jail, suspended the imposition of sentence, and placed appellant on community supervision for three years. On appeal, appellant argues that the trial court abused its discretion by failing to give the jury an article 38.23(a) instruction and admitting certain evidence. We affirm the trial court's judgment.

---

[1] The Hon. Michael J. O'Neill, Justice, Ret., sitting by assignment.

**Background**

A City of Garland police officer arrested appellant for possession of methamphetamine after he stopped her for failing to signal a turn. The officer had been conducting surveillance of a known drug house and was parked a distance away from the house. He saw appellant drive up to the house, enter the house, return to her vehicle about 10 minutes later, and drive off in a direction away from the officer. When she got to the end of the street, she made a right turn without signaling the turn. The officer followed appellant and turned on his lights to conduct a traffic stop. Appellant did not pull over immediately. Just before she stopped, the officer observed the driver's side window go down and saw appellant "make a furtive movement with her [right] hand towards her mouth, as if she were sticking something into her mouth," pick up a soda can, "and was guzzling as if like she was washing something down." The officer testified that he suspected appellant was "probably trying to conceal some type of narcotic."

Appellant pulled over and the officer approached the driver's side of the vehicle. The officer described appellant's demeanor as "real fidgety, her pupils were dilated, which means they were large, which is conducive with being under the influence of – one of the things is methamphetamine will cause that" and "sweating profusely." He saw "crystal shards" on her shirt that he associated with methamphetamine and asked her to get out of the vehicle. She did not comply. He handcuffed her left wrist and pulled her out of the vehicle. He then "observed more crystal methamphetamine shards lying on the driver's seat." Appellant lunged into the vehicle and tried to brush the shards off the seat with her right hand, but the officer prevented it and handcuffed her. Appellant told the officer that she had swallowed two bags containing methamphetamine residue. The officer called for a female back-up officer and at some point called an ambulance.

The female officer observed the shards on appellant's shirt and in the car. She did not find any illegal substance on appellant's person. The video recording of the traffic stop could not be located. The ambulance transported appellant to Baylor hospital in Garland where she was treated and released. The paramedic noted in his report that appellant said she had swallowed two bags containing methamphetamine residue. The paramedic noted the "Primary Impression" from his examination of appellant was "Overdose. Ingestion." The trial court suppressed appellant's statement to the police officer and to the paramedic because she was under arrest, but the officer did not give appellant her *Miranda*[2] warnings before she made these statements. All but the word "Overdose" were redacted from the paramedic's report.

At trial, appellant's defense was that the officer did not have probable cause to conduct the traffic stop because the officer was too far away to have seen whether appellant failed to signal the turn. Appellant cross-examined the officer about his ability to see from his location. Appellant did not offer any witness testimony. The jury returned a not-guilty verdict on the tampering-with-evidence charge, and a guilty verdict on the possession charge.

### Article 38.23(a) Instruction

In issue one, appellant argues that the trial court abused its discretion by failing to instruct the jury under article 38.23(a) of the Texas Code of Criminal Procedure, which states:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

We review claims of jury charge error first for error and then, if we find error, for harm. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Appellant contends it was error for the trial court not to instruct sua sponte the jury under article 38.23(a) concerning the traffic stop. She contends the officer did not have probable cause to stop her for a traffic violation because he could not have seen whether she signaled her turn from his vantage point. And she argues that she raised an issue about the officer's credibility so as to warrant the jury instruction.

A trial court must give an article 38.23(a) instruction to the jury when the evidence raises an issue of disputed fact that is material to the appellant's claim of a constitutional or statutory violation that would render the evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). But when the evidence does not raise a disputed fact issue, the trial court does not err by refusing to give the instruction to the jury. *Id*. at 510. The disputed fact issue must be created by "affirmative evidence." *Id*. at 513.

Here, the officer testified that appellant did not signal the turn. There was no evidence that she did signal the turn. And despite vigorous cross-examination about whether the officer could have actually seen appellant's vehicle from his location, the officer consistently testified that he had a clear view of appellant's vehicle at the intersection and he saw clearly that she did not signal the turn. *See id*. at 513 (cross-examination questions do not create a factual dispute; only answers to those questions may create a dispute). It was not enough to bring into question the officer's credibility; there must have been evidence that appellant signaled the turn before an article 38.23(a) instruction was required. *See id.* at 514 & n.26. We conclude there was no factual dispute about whether appellant failed to signal the turn. Consequently, the trial court was not required to submit an article 38.23(a) instruction to the jury. We resolve issue one against appellant.

## Admission of Evidence

In issues two and three, appellant complains about evidence admitted over her objections. In issue two, she argues that the trial court abused its discretion by admitting State's Exhibit 13, a report of the responding paramedic who transported appellant to the hospital. In issue three, she argues that the trial court abused its discretion by admitting State's Exhibit 14, consisting of hospital records that included a nurse's notation that appellant said she swallowed two bags with methamphetamine residue and had smoked methamphetamine at her home.

We review the admission or exclusion of evidence under an abuse-of-discretion standard and will reverse the trial court's decision only if it was so clearly wrong as to lie outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

The State offered Exhibits 13 and 14 at the same time. Appellant objected that the documents violated her right to confrontation and the statements contained in them were fruit of the poisonous tree. The court held a hearing outside the presence of the jury about the admissibility of these exhibits and agreed with appellant in part. The trial court concluded that appellant made statements at the scene without having been given *Miranda* warnings and required the State to redact all statements appellant made to the police officer and the paramedic.[3] However, the court concluded that appellant's statements to the hospital nurse were admissible because those statements were not made to law enforcement and *Miranda* did not apply.

---

[3] Despite appellant's argument to the contrary, our records show that "Ingestion" was redacted from Exhibit 13 and only "Overdose" appears under "Primary Impression."

**Paramedic's Report**

On appeal, appellant argues that the paramedic's report, admitted through the paramedic's testimony, should not have been admitted because it was hearsay, was not relevant, was not offered through a witness with personal knowledge, and was highly prejudicial. Appellant concedes that she did not raise these objections in the trial court. But she argues that the trial court "must conduct a jury trial, to the extent practicable, so that inadmissible evidence is not even suggested to the jury." *See* TEX. R. EVID. 103(d).

Our evidentiary rules also state, however, that to complain on appeal about the admission or exclusion of evidence, a party must show that the error affected a substantial right of the party and the party timely and specifically objected to the admission of the evidence. TEX. R. EVID. 103(a)(1). The purpose of this rule "'is to give the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection.'" *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (quoting *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000)). The party complaining on appeal must "do 'everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question.'" *Id*. (quoting *Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002)).

We conclude that appellant's confrontation objection and objection that the evidence was fruit of the poisonous tree did not preserve her complaints on appeal that the paramedic's report was inadmissible because it was hearsay, not relevant, highly prejudicial, or was offered through a witness who lacked personal knowledge. *See id*. Consequently, this issue does not present anything for us to review. We resolve issue two against appellant.

**Hospital Records**

On appeal appellant complains that the hospital records were not admissible because they were speculative and contained hearsay and evidence of extraneous bad acts prohibited under rule 404(b). Appellant did not make these objections below.

The primary complaint about the hospital records is the nurse's note stating: "Swallowed two bags [with] meth residue. Smoked meth at home, 5 gm in bag originally, doesn't know how much was in bag when swallowed." The State proffered the exhibit under the business records exception to the hearsay rule. Appellant's only objections were confrontation and fruit of the poisonous tree.

Appellant argues on appeal that whether a statement is an admission by a party opponent is a preliminary question of fact for the trial court to make and that the trial court could have sustained her objection on confrontation grounds "unless and until the predicate facts were proved." She argues that if the nurse had testified, "perhaps something approximating the entries in the exhibit would have become admissible," but because the nurse did not testify, the statement was inadmissible hearsay.

In the hearing outside the presence of the jury, the evidence showed that the paramedic gave information to the nurse about appellant having swallowed two bags with methamphetamine residue, but it also showed that the paramedic did not know about, and did not tell the nurse, that appellant had smoked methamphetamine at home or how much methamphetamine was in the bags originally. The court concluded that this information could only have come from appellant. The court determined as a preliminary matter that appellant made the statement and the evidence supports the court's conclusion. To the extent appellant argues that the trial court should have sustained her confrontation objection on this basis, we disagree. We resolve issue three against appellant.

**Conclusion**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

160133F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MANDY ROSEANNE STATTS, Appellant

No. 05-16-00133-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1323660-U.
Opinion delivered by Justice Lang-Miers.
Justices Myers and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of January, 2017.