

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00164-CR

**JOSE MAURICIO,**

                                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                          **Appellee**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 19-03215-CRF-272**

## MEMORANDUM  OPINION

The indictment against appellant Jose Mauricio alleged two offenses:  Count One charged him with aggravated assault with a deadly weapon, and Count Two charged him with unlawful possession of a firearm by a felon.  After pleading not guilty to Count One and guilty to Count Two, the jury found Mauricio guilty of both offenses. At the punishment phase, Mauricio entered a plea of true to an enhancement allegation related to Count One, and he entered a plea of true to a deadly weapon allegation as to Count Two.  The jury assessed Mauricio's punishment as forty-five years' incarceration

on the aggravated assault charge and ten years' incarceration on the felon in possession charge.

## Issue One

In one issue, Mauricio asserts that the trial court erred when a police officer was permitted to testify during the punishment phase regarding an unrelated shooting incident. Specifically, Mauricio alleges, "The trial court erred when it made a threshold determination with respect to the admission of an extraneous offense whose details were to be elicited from a police officer not involved in the investigation of the extraneous offense and who could only offer hearsay contained in the offense report."

## Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

## Discussion

A detailed discussion of the facts related to Mauricio's conviction is unnecessary as Mauricio does not challenge the jury's finding of guilt.

During the punishment phase of the trial, a police officer testified regarding the variety of criminal activities attributed to the Latin Kings criminal street gang, and he gave his expert opinion that Mauricio was a long-time member of the Latin Kings. The

officer testified about a specific incident involving a 2001 offense of aggravated assault with a deadly weapon for which Mauricio was arrested along with three other known Latin Kings members.

Prior to the officer's testimony, Mauricio objected that the information regarding the gang profile was not timely provided to him, that his Confrontation Clause rights were violated due to his inability to cross-examine the actual individuals who provided information for the gang profile, and that the officer's testimony was based on hearsay. The trial court noted that the officer could testify regarding his opinion so long as it was based on information that had previously been provided to Mauricio, which included the shooting that occurred in 2001. Mauricio then made a Rule 403(b) objection to the information, which the trial court overruled.

Mauricio did not object to the officer being recognized as an expert in gang activity. Under Rule 33.1, a party must make a timely request or objection and obtain a ruling to preserve error. TEX. R. APP. P. 33.1; *see also Laws v. State*, 640 S.W.3d 227, 229 (Tex. Crim. App. 2022). Error is not properly preserved if the contention urged on appeal does not comport with the specific complaint made in the trial court. *Villareal v. State*, 590 S.W.3d 75, 79 (Tex. App.—Waco 2019, pet. ref'd) (citing *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009)). To the extent Mauricio's issue relates to the officer being allowed to testify as an expert, the error was not properly preserved, and it is overruled.

In his brief, Mauricio appears to argue that the officer should not have been considered an expert because the State did not specifically offer him as such, and the

trial court did not specifically recognize the officer as an expert. Even assuming that Mauricio preserved this issue, it is without merit. Mauricio's trial counsel recognized that the officer was an expert, the State specifically asked the officer whether he had an opinion as an expert, and the trial court implicitly admitted the officer's testimony on the basis of his expert status. *See Martinez v. State*, 22 S.W.3d 504, 508 (Tex. Crim. App. 2000) (trial court implicitly found witness qualified as an expert by admitting his testimony even though State never tendered witness as an expert). To the extent Mauricio's issue relates to the failure of the State to specifically offer the officer as an expert witness or the failure of the trial court to explicitly recognize the officer as an expert witness, it is overruled.

Mauricio additionally asserts that the State did not prove beyond a reasonable doubt that he committed the extraneous offense as required by Article 37.07, §3(a) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 37.07, §3(a). To the extent Mauricio preserved this issue, it is also without merit. The extraneous offense was admissible as part of the officer's expert opinion testimony, and the State was not required to comply with Article 37.07, §3(a). To the extent Mauricio's issue relates to the failure of the State to comply with Article 37.07, §3(a), it is overruled.

Finally, Mauricio appears to argue that the trial court abused its discretion by allowing the officer to base his opinion on inadmissible hearsay. Hearsay is an out-of-court statement made by someone other than the witness that a party offers in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is generally not admissible unless provided for by the Rules of Evidence, a statute, or other rule.

*Guzman v. State*, 591 S.W.3d 713, 722 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Rule 703 of the Rules of Evidence permits an expert to base an opinion on facts or data that the "expert has been made aware of, reviewed, or personally reviewed. . . ." TEX. R. EVID. 703. Under this rule, an expert may base an opinion solely on hearsay. *Martinez*, 22 S.W.3d at 508.

Evidence of gang affiliation and the activities of that gang are relevant and admissible at the punishment phase to show a defendant's reputation and character. *See Beham v. State*, 559 S.W.3d 474, 479 (Tex. Crim. App. 2018); *see also Phillips v. State*, 534 S.W.3d 644, 657 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "The behavior of gangs and gang members is a generally accepted area of expert testimony which involves the gaining of specialized knowledge through experience or personal research." *Washington v. State*, 485 S.W.3d 633, 638 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

The officer who testified regarding Mauricio's association with the Latin Kings had previously been assigned to the Criminal Intelligence Unit of the Bryan Police Department that was tasked with investigating street gangs. The officer's training included learning about signs and symbols used by street gangs and current trends involving such gangs. The officer testified that he also had on-the-job training regarding gang activities. During his training and experience, the officer acquired specialized knowledge as it related to the Latin Kings street gang. The officer testified that the Latin Kings are involved in the trafficking of illegal narcotics and firearms. The officer additionally followed the standardized criteria from the Code of Criminal

Procedure in determining Mauricio's gang membership which, the officer testified, is what other experts in the field use to identify gang members. The officer was qualified to testify as an expert and based his opinion on information used by other experts in the field.

The officer testified that a criminal street gang is defined as "three or more persons [who] have like sign or symbol or an identifiable leadership that are involved in criminal activity." *See* TEX. PENAL CODE ANN. § 71.01(d) ("'Criminal street gang' means three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associated in the commission of criminal activities."). The officer recited the criteria from Article 67.054 that is used to determine gang membership including self-admission, information from other credible and reliable sources, corroborated information from sources of unknown reliability, demonstration of the gang's signs and symbols in more than an incidental manner (such as clothing, tattoos, graffiti, and hand signs), associating with known gang members, being arrested with known gang members for crimes consistent with gang activity, visiting known gang members in jail, and trying to actively recruit gang members. *See* TEX. CODE CRIM. PROC. ANN. art. 67.054. The officer testified that an individual who meets two of the criteria may be classified as a gang member and that Mauricio exhibited five of the criteria.

The officer based his opinion upon photographs of Mauricio wearing colors, displaying hand signals, and exhibiting tattoos that are associated with the Latin Kings while in the company of known Latin Kings members. The officer testified that

Mauricio had also been arrested for a narcotics trafficking offense, a known illegal activity of the Latin Kings. The officer additionally testified that the Texas Department of Criminal Justice, where Mauricio had been incarcerated, documented Mauricio as an active Latin Kings gang member. Finally, Mauricio's parole officer told the officer that Mauricio admitted being a lifetime Latin Kings gang member.

The officer also based his expert opinion, in part, on Mauricio's arrest for the extraneous offense because Mauricio had been arrested with known Latin Kings gang members in connection with that offense. The victim of the offense was a member of a rival street gang. The extraneous offense was not admitted in order to prove that Mauricio had committed the offense but to support the officer's expert opinion that Mauricio was a long-time member of the Latin Kings. *See Martinez*, 22 S.W.3d at 508 (expert witness's testimony was not hearsay). To the extent Mauricio's issue relates to the officer's opinion being based on inadmissible hearsay, it is overruled.

The trial court did not abuse its discretion in allowing the officer to testify as an expert or in allowing the officer to testify about the 2001 aggravated assault offense. We overrule Mauricio's sole issue.

### Conclusion

Having overruled Mauricio's sole issue, we affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,*
      Justice Johnson, and
      Justice Smith
Opinion delivered and filed January 4, 2023
Affirmed
Do not publish
[CR25]

*(Chief Justice Gray concurs in the Court's judgment.  A separate opinion will not issue.)

